JOHNNY LEE BROWN *v.* STATE OF INDIANA.

[No. 375S55. Filed December 17, 1975.]

*Nick Senak,* of Gary, of counsel *Sheldon H. Cohan,* for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of murder in the second degree. Ind. Code § 35-1-54-1, Burns § 10-3404 (Supp. 1975). His appeal presents three issues:

(1) Sufficiency of the evidence as to the cause of the decedent's death.

(2) Sufficiency of the evidence of intent and malice.

(3) The admission into evidence of testimony given on direct examination by a State's rebuttal witness, which testimony revealed the content of a self-incriminating statement given by the defendant following his arrest.

The evidence adduced at the trial and supporting the verdict of guilty disclosed the following: The decedent died of a gunshot wound received while sitting at a bar in a tavern in Gary, Indiana. The defendant was also a patron of the bar and had departed after having been there for approximately two hours and after having been berated by a female bartender protesting his advance. He returned to the tavern approximately ten minutes later and said "I told you I would be back," and fired two shots in rapid succession from a thirty-eight caliber revolver. These shots were fired in the direction of the decedent who fell from the barstool upon which he was seated. Decedent attempted to leave the room through a nearby exit which was locked. He turned around, and while he was in a stooped position with his hands above his head, the defendant advanced two steps, pinpointed the gun upon the decedent and fired a third shot. Other persons present attempted to apprehend the defendant, and he dropped the gun and ran from the tavern. One of the other patrons present recovered the gun and fired a shot into the air in an effort to get the appellant to stop.

An autopsy was performed upon the decedent. Two bullets

had struck him, one of which entered his neck and lodged in the shoulder muscles surrounding the clavicle. The other bullet entered his chest, pierced his heart and left lung and exited from his lower back. The trajectory of both bullets was downward. The second shot above mentioned caused decedent's death, but the bullet itself was not recovered. The bullet fired by the first shot aforementioned was recovered but had been damaged to such an extent when it hit the decedent's clavicle that it could not be determined whether or not both wounds had been caused by the same type of projectile.

ISSUE I. Brown first asserts that the State failed to prove that he caused the death of decedent. He reasons as follows:

(a) Decedent suffered two gunshot wounds.

(b) Only one of these, the chest wound, caused his death.

(c) There was no evidence that the two wounds were caused by the same caliber bullet.

(d) The State's evidence proved only that one shot was fired by defendant directly at decedent.

(e) There was no evidence that this one shot was directed at decedent's chest rather than at his neck.

(f) Therefore, a jury could not find beyond a reasonable doubt that the shot fired by defendant directly at decedent caused the latter's death.

This syllogism is interesting, but not compelling. As Appellant notes, it is generally conceded that three shots were fired inside the tavern. The State's witnesses agreed that all three shots were fired by Appellant. There was no doubt that the cause of death was a gunshot wound. A reasonable inference is, therefore, that however many times decedent was shot, all such wounds were inflicted by Appellant. This conclusion is bolstered by the fact that two witnesses testified that the deceased *fell* from his barstool, immediately following the firing of the first two shots, indicating that he

was hit by one of such shots. A jury could reasonably conclude that Appellant caused the death of decedent, notwithstanding a possibility that he had been hit and killed by the fourth shot which had been fired by another person.

ISSUE II. Defendant next contends that there was an absence of proof of intent and malice. These elements must be present to support a conviction of second degree murder. However, they need not be shown by the express words of a defendant, but may be inferred from the deliberate use of a deadly weapon in such a manner as likely to cause death. *Chatman* v. *State*, (1975) 263 Ind. 531, 334 N.E.2d 673; *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686.

The evidence presented in this case shows that defendant twice voluntarily and indiscriminately fired a revolver inside a crowded tavern. His shots were fired at eye level, with a slightly downward slant. More importantly, he intentionally fired a third shot directly at the deceased. These actions clearly constituted the use of a deadly weapon in such a manner as to show intent and malice in the slaying of decedent. Although defendant stated that he had been attacked just before entering the tavern and fired the shots to prevent his attackers from following him, this testimony was in conflict with other testimony and could properly have been disbelieved by the jury. Cf. *Whitten* v. *State*, (1975) 263 Ind. 407, 333 N.E.2d 86. We do not reweigh the evidence on appeal, but need only determine whether a reasonable man could find the issues proved beyond a reasonable doubt. *Whitten, supra; Beard* v. *State*, (1975) 262 Ind. 643, 323 N.E.2d 216. The evidence presented on this issue meets this test.

ISSUE III. On rebuttal, the State sought to introduce a written statement allegedly given by Appellant subsequent to his arrest. It was objected to upon the ground that if the State did not introduce such evidence during its case in chief, it was precluded from doing so during rebuttal. This

objection was sustained. The State then called Officers Horvath and Equihua, to whom Brown had given the statement, and attempted to elicit the information contained in the statement from them. When Horvath testified, the defense objected on the same ground as mentioned above, and the objection was sustained. However, when similar questions were asked of Equihua, the defense failed to object. As a result, the prosecution effectively put the content of the alleged statement into evidence.

Defendant asserts that it was error for the trial court to permit the prosecutor to use the alleged statement as the basis of rebuttal questioning. However, an error not raised by proper objection at trial will not be considered on appeal. *Richard* v. *State,* (1974) 262 Ind. 534, 319 N.E.2d 118; *James* v. *State,* (1974) 261 Ind. 495, 307 N.E.2d 59; *Webb* v. *State,* (1972) 259 Ind. 101, 284 N.E.2d 812. Although an exception to this rule is made in rare circumstances when failure to consider the error would deny the appellant "fundamental due process," *Webb supra; Young* v. *State,* (1967) 249 Ind. 286, 231 N.E.2d 797, we are not faced with such a situation in this appeal. Additionally, the statement was largely consistent with defendant's own version of the events. Thus, it appears that the error, if any, was harmless.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

Note.—Reported at 338 N.E.2d 498.