BRYAN L. FAUST *v.* STATE OF INDIANA.

[No. 576S134.  Filed August 25, 1977.]

*Curtis B. Eskew,* of Corydon, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Bryan L. Faust, was charged by way of indictment with the offense of first degree murder. A trial was held and the jury found the defendant guilty of second degree murder. Judgment was entered on the verdict and the defendant was sentenced to serve an indeterminate term of not less than fifteen [15] nor more than twenty-five [25] years. On appeal Faust raises the following issues:

1. Whether there was sufficient evidence to support the jury's verdict;

2. Whether certain testimony was inadmissible hearsay;

3. Whether certain testimony should have been excluded as being repetitious and immaterial;

4. Whether there was prosecutorial misconduct during the state's final argument; and

5. Whether the defendant received a fair trial.

I.

The defendant contends that there was insufficient evidence to sustain the jury's verdict on the elements of purpose and malice.

When reviewing the sufficiency of the evidence, this Court does not weigh the evidence or review the credibility of the

witnesses; we consider only the evidence most favorable to the verdict, together with the reasonable inferences to be drawn therefrom. The conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer the defendant's guilt beyond a reasonable doubt. *Daniels* v. *State*, (1976) 264 Ind. 490, 346 N.E.2d 566. The defendant makes special note of the fact that the evidence adduced by the prosecution was merely circumstantial; however, a conviction may be sustained upon circumstantial evidence alone. *McAfee* v. *State*, (1973) 259 Ind. 687, 291 N.E.2d 554.

In order to sustain a conviction of second degree murder there must be proof that the killing was purposeful and malicious. Ind. Code § 35-1-54-1 (Burns 1975); *King* v. *State*, (1968) 249 Ind. 699, 234 N.E.2d 465. It is permissible for the jury to infer these elements from the use of a deadly weapon in a manner likely to cause death. *Brown* v. *State*, (1975) 264 Ind. 40, 338 N.E.2d 498; *Chatman* v. *State*, (1975) 263 Ind. 531, 334 N.E.2d 673.

Here, the evidence showed that during the morning and afternoon of the killing, the defendant was drinking beer at various places and that he possessed his wife's .22 caliber revolver on that day, at times carrying it in his pocket. He left the Leavenworth Tavern in the late afternoon after receiving a phone call from his wife. Although there were no eyewitnesses to the event, it is certain that the defendant's wife died as the result of a gunshot wound inflicted from the same .22 caliber revolver. The defendant claimed that the killing was accidental. His initial story to the police was that he laid the revolver on a kitchen cabinet and left the room, finding his wife wounded and on the floor when he returned. A later statement and his testimony at trial was to the effect that the gun accidentally discharged as he was laying it on the cabinet, where it was found by the police, pointing away from the body. Expert testimony was adduced to show that the bullet entered Marilyn Faust's body above

her left breast and that the bullet's path would indicate the gun was discharged from a position above the deceased. A weapons expert testified that the weapon was a double action revolver, which could be fired either by pulling the trigger or by cocking the hammer and pulling the trigger. In addition, the revolver had a safety block, which would prevent the hammer from falling unless the trigger was in a recessed position.

From this evidence the jury could find the requisite purpose and malice.

## II.

During the testimony of police detective Lewis, the prosecutor asked Lewis whether he had interviewed the witnesses Jerry Jarvis and Herman Durham prior to trial and whether their in-court testimony was the same as their out-of-court statements. The detective was allowed to testify that their statements were not the same as their testimony, but he was not permitted to elaborate. The defendant objects to this testimony as hearsay.

Hearsay evidence is testimony concerning an extrajudicial statement which is offered as an assertion to show the truth of the matters contained in the statement. *Patterson* v. *State*, (1975) 263 Ind. 55, 324 N.E.2d 482. In this case the testimony was not hearsay. The matter contained in the extrajudicial statements was not offered at all.

## III.

The defendant, in his brief, contends there was error in a number of instances involving repetitious and immaterial testimony. It appears from the record that no objection was made to admission of any of this evidence, except in two instances. In order for error to be preserved for review, a timely and adequate objection

must be raised at trial. *Buchanan* v. *State,* (1975) 263 Ind. 360, 332 N.E.2d 213.

During final argument the prosecutor began to read the indictment. The indictment had been read to the jury twice and the defendant objected to its repetition. The conduct of final argument is within the discretion of the trial court. *Pearish* v. *State,* (1976) 264 Ind. 339, 344 N.E.2d 296. It has been held that excessive repetition of the indictment by the prosecuting attorney is error, *State* v. *London,* (Mo. 1927) 295 S.W. 547. Here, however, the prosecutor began his argument by reading the indictment, followed by an explanation of the elements of the offense charged. He then made a statement of what was shown by the evidence. In this context, the reading of the indictment was a logical place to begin. The jury must determine whether an accused is guilty as charged. The prosecutor merely used the indictment as a means of comparison with the proof. In addition, the court gave a final instruction subsequent to argument, advising the jury that an indictment is not to be considered as evidence in determining the guilt of the accused.

A state trooper testified, over objection, that during his investigation he had learned that the deceased was a conscientious worker. The defendant objected to this testimony at trial on the grounds that "it doesn't have anything to do with the case." The trial court overruled the objection, after the prosecutor argued that the evidence was relevant to give a background of the parties involved.

> "In Indiana, 'evidence tending to prove a material fact is admissible, even though its tendency in that direction may be exceedingly slight.' "

*Pirtle* v. *State,* (1975) 263 Ind. 16 at 34, 323 N.E.2d 634 at 643. It cannot be said that this evidence was introduced for any purpose other than to arouse sympathy for the deceased

in the minds of the jurors. However, it does not appear that it was so prejudicial as to require reversal.

## IV.

The defendant objected during the prosecuting attorney's final argument to the following statement:

> *"The evidence presented by the detective was* that the defendant told them that Marilyn said don't shoot me again. Which was Marilyn was actually was standing up washing dishes preparing supper or was there an argument before Bryan killed her, shot, why was the little girl screaming, was it response to the shot or because of an argument? What with the bullet in the upper part of the chest, *where you see on the Exhibit,* and in that trajectory as Doctor Cymbola *testified.* Could it be that the defendant and his wife were involved in an argument and she was on her knees saying don't shoot me?" [Emphasis added.]

The defendant contends that this is an inflammatory statement of a personal opinion of the prosecutor. Statements of opinion are not, however, prohibited, "as long as he does not imply that he has personal knowledge of an accused's guilt or innocence." *Swope* v. *State,* (1975) 263 Ind. 148 at 155, 325 N.E.2d 193 at 196. Here, the prosecutor was arguing based upon the evidence as the italicized portions of the statement show.

## V.

Lastly, the defendant contends that he received an unfair trial based upon cumulative effect of all the errors committed, including those not objected to at trial.

To urge the latter part of this contention on appeal is incredulous. After having reviewed the entire record in this case, we believe that the defendant received a fair trial.

For all the foregoing reasons the trial court's judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

Note—Reported 366 N.E.2d 175.