CORNELIUS SMITH, JR. *v.* STATE OF INDIANA

[No. 2-778A225. Filed November 15, 1978.]

*John Muller*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Jack R. O'Neill*, Deputy Attorney General, for appellee.

YOUNG, J. — This cause is an appeal from a conviction of Assault and Battery with Intent to Kill, I.C. 1971, 35-13-2-1 (Burns Code Ed.), for which the appellant Smith was sentenced to an indeterminate term of two to fourteen years. Judgment was entered June 2, 1977.

On April 7, 1978, nearly seven months after the attorney for appeal requested payment of his fee, and over ten months after judgment was entered, a petition to file a belated motion to correct errors and a motion to correct errors were filed. The petition was granted and the motion was denied. Thereafter the appeal was perfected in a timely fashion.

The product of this eight month scrutiny of the transcript is the solitary allegation on appeal that the evidence was insufficient to sustain the judgment.

The evidence is that a man identified as the appellant leaned in the

window on the passenger side of a car stopped behind a bar on Northwestern Avenue and shot the driver in the chin with a pistol. The appellant was known to both the victim and his passenger at the time of the shooting.

The elements of assault and battery with intent to kill are an unlawful touching of another human being in a rude, insolent or angry manner, with intent to kill. *Reed v. State* (1970), 255 Ind. 298, 263 N.E.2d 719; *Washington v. State* (1978), 177 Ind.App. 464, 379 N.E.2d 1032. The testimony of the victim and his passenger provided direct evidence of all but the last of these elements. The intent to kill may be inferred from the deliberate use of a deadly weapon in a manner reasonably calculated to cause death. *Vaughn v. State* (1972), 259 Ind. 157, 284 N.E.2d 765; *Washington v. State, supra.* Therefore, there is evidence in support of each element.

Where the sufficiency of evidence is challenged, this Court may only determine if there is substantial evidence of probative value in support of each element of the offense, regarding the evidence in a light favorable to the judgment. We may not determine the credibility of witnesses or weigh the evidence, as the appellant invites us to. *Faust v. State* (1977), 266 Ind. 640, 366 N.E.2d 175. The application of this standard requires us to affirm the appellant's conviction.

The appellant points out several facts in the record which, he contends, indicate that the whole truth concerning the incident did not "come out" at trial. We would remind appellant that the whole purpose of the adversary system is to insure against one-sided or partial representations of the facts. The evidence presented by the State established a *prima facie* case. It therefore became the appellant's business to explain, refute or supplement at trial the facts as presented by the State. Having declined the opportunity at trial, the appellant may not complain on appeal that the whole truth was not presented. To do so mistakes both his and our functions.

Judgment affirmed.

Chipman, P.J., concurs.

Miller, J., concurs.

NOTE—Reported at 382 N.E.2d 177.