Jeffery Allen **WHITACRE**, Appellant
(Defendant below),

v.

**STATE** of Indiana, Appellee
(Plaintiff below).

No. 380S70.

Supreme Court of Indiana.

Dec. 4, 1980.

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Jeffery Allen Whitacre, was convicted of forgery, a class C felony, Ind. Code § 35–43–5–2 (Burns 1979 Repl.) and was found to be an habitual offender, Ind. Code § 35–50–2–8 (Burns 1979 Repl.). He was sentenced to concurrent terms of five and thirty years respectively. His appeal raises the following issues:

1. Whether the trial court erred in refusing to grant defendant's motion for continuance filed one day prior to the trial;

2. Whether the trial court erred in refusing to give one of defendant's tendered instructions and in giving an allegedly erroneous instruction tendered by the state;

3. Whether there was sufficient evidence to support the conviction;

4. Whether the trial court erred in refusing to read an entire statute to the jury; and

5. Whether the conviction for being an habitual offender constitutes cruel and unusual punishment.

A summary of the facts from the record most favorable to the state shows that on March 23, 1979, defendant discovered a check for $212 lying on the ground near the Barn Restaurant in Huntington, Indiana. The check was drawn on the account of Richard Ness Excavating and Trucking by Richard Ness, payable to the order of John Hoover and endorsed with the signature of John Hoover on the reverse side. Defendant took the check to the First National Bank in Huntington and presented it to Darlene Wine, who was a teller at a drive-up window on that day. Wine examined the check and returned it to defendant asking him to sign it. Defendant stated he had already signed the check, so Wine stamped it and gave defendant the money. According to bank policy, the tellers were supposed to write down the license plate numbers on all checks presented for cash. Wine wrote "Caprice Dealer plates" on the check since she couldn't see the numbers on the temporary plate in the car's rear window.

Wine testified that she recognized Whitacre and realized he was not John Hoover. She cashed the check even though she thought it was suspicious. In April, 1979, defendant approached Wine at a party stating, "I hope you know what you're doing, I'm not going to hurt you." Wine believed

this statement referred to the check she had cashed for defendant. Richard Ness testified that the check did not contain his signature and he had never authorized anyone else to sign it. John Hoover also testified he had never signed the check. The check was reported as stolen on March 26, 1979, and a stop payment order was issued.

## I.

Defendant first alleges that the trial court erroneously denied his motion for continuance made on the day before the trial. The motion alleged two separate grounds as reasons for needing a continuance. The first reason was that defendant's counsel was notified by the state of four additional witnesses only five days before the trial. Defense counsel was provided with a written statement from each of these witnesses at that time. The second reason involved defendant's handwriting sample which he had given to the Huntington police. The police had not been able to properly analyze this sample and defendant wanted time to have an additional sample taken and properly analyzed.

It is well settled that a motion for continuance based upon non–statutory grounds is addressed to the discretion of the trial court. A denial of continuance will be set aside only where an abuse of that discretion can be shown. *Johnson v. State,* (1979) Ind., 390 N.E.2d 1005; *Miller v. State,* (1978) 267 Ind. 635, 372 N.E.2d 1168; *Works v. State,* (1977) 266 Ind. 250, 362 N.E.2d 144. In order to demonstrate an abuse of discretion, the record must reveal that defendant was prejudiced by the failure to grant the continuance.

In the instant case, there was no element of surprise as to the four additional witnesses' testimony since two of them testified only as to the identification of defendant's automobile and the other two merely corroborated the bank manager's testimony about the bank's procedures in handling checks. Defendant received copies of their anticipated statements and did have time to depose the witnesses prior to trial. As to the proper comparison of hand-writing exemplars, defendant was originally dilatory himself in submitting the requested exemplars to the police. We therefore find no abuse of discretion in the denial of the motion for continuance.

## II.

Defendant's tendered final instruction No. 1 read:

"In order to prove uttering a forged instrument, it is necessary that the State of Indiana establish beyond a reasonable doubt that the Defendant offered a forged instrument, knowing it to be such, with the representation that it was genuine and that in doing so he had intended to defraud."

This instruction was refused by the trial court since it was based upon the former forgery statute which was no longer in effect at the time of the instant crime. It is well settled that a tendered instruction which incorrectly states the law may be refused by the trial court. *Johnson v. State,* (1979) Ind., 387 N.E.2d 1328; *Toliver v. State,* (1978) 267 Ind. 575, 372 N.E.2d 452.

Defendant further argues, however, that the present statute on forgery omits an essential element of the crime, the requirement that the accused knew that the written instrument uttered was false. He argues that the present statute is ambiguous and should be interpreted as including the element of knowledge of the forgery. The present statute defining the crime of forgery is Ind. Code § 35–43–5–2 (Burns 1979 Repl.) which states:

"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

"(1) By another person;

(2) At another time;

(3) With different provisions; or

(4) By authority of one who did not give authority; commits forgery, a class C felony."

Contrary to defendant's allegations, we find this statute is clear and unambigu-

ous on its face. It intentionally emphasizes the intent to defraud rather than the knowledge of the falsity of the written instrument. We will not interpret a statute which is unambiguous on its face or add something to a statute which the legislature has purposely omitted. *Minton v. State,* (1980) Ind.App., 400 N.E.2d 1177; *Indiana State Highway Commission v. White,* (1973) 259 Ind. 690, 291 N.E.2d 550; *Schwartzkopf v. State ex rel. Fettig,* (1965) 246 Ind. 201, 204 N.E.2d 342. There was no error in refusing defendant's tendered instruction No. 1 since it was based upon an incorrect statement of the law.

 Defendant also argues that it was error for the trial court to give the state's instruction No. 29 to the jury. The court had given the jury instructions which specifically stated the applicable statute on forgery and defined the necessary specific intent. The complained of instruction was a further explanation of the legal phrase "uttering a forged instrument." While it is true that this one instruction did not mention the specific intent required, the element of intent was adequately covered by other instructions. It is well settled that instructions are to be considered with reference to each other and as an entirety. *Porter v. State,* (1979) Ind., 391 N.E.2d 801; *Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792. The instructions here correctly stated the law and we find no error.

### III.

 Defendant next argues that there was not sufficient evidence to support his conviction since the state did not prove that he forged the check himself or knew that the other signatures were forged. As discussed in issue II, above, knowledge of the forgery does not have to be proved under our present statute. Ind. Code § 35–43–5–2, *supra*. There was sufficient evidence presented to establish an intent to defraud which is a necessary element of the crime. Defendant presented a check for payment which was not made out to him and had not been given to him. He knew he had not signed the check, but he told the bank teller

he had signed it. There was ample substantial evidence on all material elements of the crime to sustain the conviction.

### IV.

During the closing argument, defendant's counsel spoke to the jury about the elements of the crimes of forgery and deception. He recited a portion of the statute covering the crime of deception to the jury. The state in its rebuttal argument expounded upon these comments and read another portion of the deception statute to the jury. Defendant then asked that the entire statute covering deception, Ind. Code § 35–43–5–3 (Burns 1979 Repl.) be read to the jury, but the trial court refused. Defendant now argues that the trial court's refusal to read the entire statute denied him the right to a fair trial because the jury was misled as to the nature and scope of the statute covering deception.

 It is well settled that the conduct of final argument as well as the course of the trial is within the sound discretion of the trial court. *Faust v. State,* (1977) 266 Ind. 640, 366 N.E.2d 175.

 *Pearish v. State,* (1976) 264 Ind. 339, 344 N.E.2d 296. In this case, the state was responding to defense counsels' introduction of the deception issue into the case. The correct statement of the law regarding the crime of forgery was given to the jury. We find no abuse of discretion here.

### V.

Defendant finally argues that the judgment of conviction for being an habitual offender constitutes cruel and unusual punishment. Both the United States Supreme Court and this Court have upheld recidivist statutes against cruel and unusual punishment arguments. *Rummel v. Estelle,* (1980) 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382; *Comstock v. State,* (1980) Ind., 406 N.E.2d 1164; Ind. Code § 35–50–2–8 (Burns 1979 Repl.).

 Defendant argues that we should reconsider our decision in *Comstock,*

*supra,* and hold that the habitual offender statute is unconstitutional as applied to his situation because his two prior convictions were for burglary with relatively short sentences imposed and the present nonviolent offense also involves only a five–year sentence. However, this Court has long recognized that the purpose of the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. *Comstock, supra; Norris v. State,* (1979) Ind., 394 N.E.2d 144. The determination of the length of sentences is one of legislative policy as long as minimum constitutional requirements are met. Thus, given the purpose underlying our habitual offender statute, we do not find that the penalty imposed is so grossly disproportionate to the offense committed as to constitute cruel and unusual punishment.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.