**Dectrick RASPBERRY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 580S149.

Supreme Court of Indiana.

March 24, 1981.

Charles H. Graddick, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Dectrick Raspberry, was charged with first-degree murder on June 30, 1976. He was found guilty by a jury of second-degree murder, Ind.Code § 35-1-54-1 (Burns 1975) and was sentenced to life imprisonment. On September 10, 1980, he was granted permission to file this belated appeal which raises the following issues.

1. Whether the trial court erred in giving its instruction number 9 on voluntary intoxication;

2. Whether the trial court erred in not determining the voluntariness of defendant's statement outside the presence of the jury;

3. Whether the evidence was sufficient to sustain the jury's verdict; and

4. Whether the trial court erred in not directing a verdict on behalf of the defendant.

A summary of the facts from the record most favorable to the state shows that on the evening of May 21, 1976, defendant was riding around Gary, Indiana, as a passenger in a car driven by Sam Taylor. Another passenger was riding in the front seat and defendant was sitting in the back seat and was holding a shotgun. Taylor pulled up to the curb on Nineteenth Avenue where he saw a group of people standing and talking. Several shots were fired from the car, then Taylor sped off. The shots struck two men who were standing at the curb. One of the men, Howard Bandy, subsequently died of the shotgun wounds.

I.

Defendant first contends that the trial court erred in giving its final instruction number nine on voluntary intoxication. He contends that the instruction was incomplete and erroneous. The instruction correctly informed the jurors that voluntary intoxication is not normally a defense in a criminal proceeding. However, the instruction did not further inform the jurors that voluntary intoxication may be a defense when the crime charged involves specific intent, and the defendant has shown that he was so intoxicated as to be incapable of entertaining the required specific intent.

We find defendant's argument must fail for several reasons. The record does not show that a specific objection to this instruction was made in the trial court. Defendant did not tender any instruction of his own stating the complete law concerning the defense of voluntary intoxication and he did not set forth the complained of instruction with specificity in his motion to correct errors. All of these actions are necessary to preserve an alleged error on appeal. *Jacks v. State*, (1979) Ind., 394 N.E.2d 166; *Mireles v. State*, (1973) 261 Ind. 64, 300 N.E.2d 350; *Spivey v. State*, (1971) 257 Ind. 257, 274 N.E.2d 227.

Furthermore, any alleged error in the omission of the complete instruction must be deemed harmless since the jury found defendant guilty of murder in the second degree rather than murder in the first degree as charged. We have clearly held that specific intent is not an element of second-degree murder. *Kriete v. State*, (1975) 263 Ind. 381, 332 N.E.2d 209.

II.

Defendant next alleges that the trial court erred by admitting his statement into evidence without first determining the voluntariness of the statement outside the presence of the jury. Again, consideration of this issue has been waived because it was not raised with specificity in defendant's motion to correct errors. The alleged error is set forth as follows:

"2. That the Court permitted an error of law in the conduct of the trial by allowing the admission of inadmissible evidence."

This general assertion of error constitutes a waiver of defendant's right to challenge the admission of the evidence, since it lacks the

specificity necessary to preserve the question for appeal. Ind.R.Tr.P. 59(D); *Spivey v. State, supra; Moore v. State,* (1979) Ind. App., 395 N.E.2d 1280.

## III.

█ Defendant next alleges that there was insufficient evidence to sustain the jury's verdict. Our disposition of this issue is governed by a well-settled standard and scope of review. This Court does not reweigh the evidence or judge the credibility of witnesses and will consider only that evidence most favorable to the state and all reasonable inferences drawn therefrom. When there is substantial evidence of probative value to support each element of the offense, the verdict of the jury will not be disturbed. *Wofford v. State,* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. On review, this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Hall v. State,* (1980) Ind., 405 N.E.2d 530.

█ In order to sustain a conviction for second-degree murder, there must be proof that the killing was purposeful and malicious. Ind.Code § 35–1–54–1 (Burns 1975); *Faust v. State,* (1977) 266 Ind. 640, 366 N.E.2d 175. It is permissible for the jury to infer these elements from the use of a deadly weapon in a manner likely to cause death. *Brown v. State,* (1975) 264 Ind. 40, 338 N.E.2d 498; *Chatman v. State,* (1975) 263 Ind. 531, 334 N.E.2d 673.

█ Here, the evidence shows that defendant was armed with a shotgun and was riding in the back seat of an automobile with the gun pointed out the window just as the car approached a group of people. At least three witnesses claimed that "about four or five" shots came from the car. Defendant claimed that the gun accidently discharged while he was trying to reload it. However, a jury could properly infer that it would be unlikely for a 12 gauge pump shot gun to accidently discharge several times in succession. Other testimony revealed that there had been previous violence between a group of defendant's friends and members of another gang who were standing at the location of the shooting. This was sufficient evidence to support the jury's finding that defendant used a deadly weapon in a purposeful and malicious manner likely to cause death and therefore was guilty of second-degree murder.

█ Defendant further argues that his state of intoxication was so great that he was not capable of forming any specific intent or any purpose to support his actions. As we have indicated above, specific intent is not an element of second-degree murder. *Kriete v. State, supra.* Both malice and purpose may be inferred by the jury from the circumstances of the crime or the nature of the attack upon the victim. *Morris v. State,* (1979) Ind., 384 N.E.2d 1022. It is clear from the facts adduced at trial that the nature of the attack was malicious and purposeful. Furthermore, defendant's actions following the shooting, which included inquiring about his hospitalized mother's health, putting the gun in the garage, and proceeding to his girlfriend's house to spend the night, showed that he was not too intoxicated to be capable of purposeful and malicious action. Since there was sufficient evidence to support the jury's verdict, that verdict must not be disturbed.

## IV.

Defendant finally alleges that the trial court erred in denying his motion for directed verdict made at the close of the state's case in chief on the basis of insufficient evidence. No further discussion of this issue is necessary since we have found above that there was sufficient evidence to support the verdict.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.