Dietra BROWN, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 480S92.

Supreme Court of Indiana.

June 11, 1981.

Harriette Bailey Conn, Public Defender, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Dietra Brown, was found guilty of second-degree murder, Ind.Code § 35–1–54–1 (Burns 1975), at a bench trial on May 23, 1977. She was sentenced to an indeterminate term of imprisonment of fifteen to twenty-five years. The sole issue raised in this direct appeal is whether the finding of guilty is supported by sufficient evidence.

Our disposition of this question is governed by a well-settled standard and scope of review. This Court does not reweigh the evidence or judge the credibility of witnesses and will consider only that evidence most favorable to the state and all reasonable inferences drawn therefrom. When there is substantial evidence of probative value to support each element of the offense, the finding of the trier of fact will not be disturbed. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100; *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509. On review, this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding. *Hall v. State*, (1980) Ind., 405 N.E.2d 530; *Parks v. State*, (1979) Ind., 389 N.E.2d 286.

In this light, a summary of the facts from the record shows that on the evening of November 28, 1976, Officer Thomas Bray of the Indianapolis Police Department received a call about a shot fired. He went to an apartment address with another officer and found the victim, Paul Dodson, lying against a couch in the front room with what appeared to a bullet wound in the upper right chest. Defendant was also in the room and Officer Bray noticed a gun on the end of a bar. It was later determined that the gun had two spent casings and three live rounds in it. Defendant and the victim had lived together in the apartment for approximately three weeks along with defendant's three young children.

Another officer, Detective John Hruban, arrived at the scene soon after the other police. Defendant came up to Hruban and said, "I did it. I shot him, I want to go to jail." Later that night, at police headquarters, after having been advised of her rights, defendant repeated that she had shot the victim. She said, "I shot him, I don't want to talk about it. Just put me in jail." When one of defendant's neighbors went into her bathroom the next morning she discovered two holes in her bathroom wall and a bullet in her linen closet. Both the spent bullet recovered from the linen closet and the spent bullet removed from the victim's body were fired from the gun recovered at the scene. Defendant testified that she and the victim had entertained friends on the night of the shooting from about 6:00 p. m. until 10:00 p. m. She

testified that she and the victim got along fine and had no arguments on the day or evening of the shooting. At the trial, defendant neither remembered shooting the victim nor telling the police officer that she had done so.

■ We first note that one error which defendant raises concerning the record has been corrected. Due to an inaudible portion of the tape recording of the trial, the record did not establish a cause of death. This Court, under the authority of Ind.R. Ap.P. 7.2(C)(2), filed a petition for certiorari ordering the trial court to correct this omission. The record now shows that the pathologist testified at trial that the victim died of a gunshot wound to the chest area. The cause of death is thus clearly established.

■ Defendant next contends that there is insufficient evidence to establish the fact that the killing was purposeful and malicious as required by our statute. Ind.Code § 35–1–54–1 (Burns 1975). Defendant admits that purpose and malice may properly be inferred from the deliberate use of a deadly weapon in a manner likely to cause death. *Raspberry v. State*, (1981) Ind., 417 N.E.2d 913; *Faust v. State*, (1977) 266 Ind. 640, 366 N.E.2d 175; *Brown v. State*, (1975) 264 Ind. 40, 338 N.E.2d 498. However, defendant argues, in this case there is no evidence to show that she used the weapon in a deliberate manner and in such a way as would likely cause death.

She further contends that the elements of purpose and malice are not supported by the evidence, since there were no facts to indicate any prior threats, violence, or arguments between herself and the victim. She points out that there is evidence that a second shot was fired from the weapon at approximately the time the victim was shot. However, there is no evidence concerning who fired the shot or even whether it was fired before or after the shot that struck the victim.

■ We find that defendant is essentially asking us to reweigh the evidence which we cannot do. We have held that

when there is substantial evidence in the record from which the trier of fact could find that the mortal wound was inflicted upon the victim by a deadly weapon in the hands of the defendant, malice and intent can be inferred. *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686; *Schlegel v. State*, (1958) 238 Ind. 374, 150 N.E.2d 563. The trier of fact is permitted to infer the guilt of the accused from circumstantial evidence without the need for an eyewitness. *McKinstry v. State*, (1975) 264 Ind. 29, 338 N.E.2d 636. In the instant case, the victim was found with a fatal bullet wound in his chest in the same room with defendant and the gun that fired the fatal shot. No one else was present. Defendant admitted to police officers that she shot the victim. This was substantial evidence to support the trial court's finding that defendant used a deadly weapon in a purposeful and malicious manner likely to cause death.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, and PIVARNIK, JJ., concur.

PRENTICE, J., dissents with opinion.

PRENTICE, Justice, dissenting.

Under the circumstances of this case, I am of the opinion that we can infer no more than the commission of a criminal homicide. The defendant's admission that she shot her husband and wanted to go to jail is adequate evidence from which to infer that she purposely killed the decedent. We are left to speculate, however, whether she did so with the premeditation requisite of first degree murder, Ind.Code § 35–13–4–1 (Burns 1975) with only the malice requisite of second degree murder, Ind.Code § 35–1–54–1 (Burns 1975), or with neither the malice or premeditation of those offenses but merely upon a sudden heat, which reduces murder to voluntary manslaughter, Ind. Code § 35–13–4–2 (Burns 1975).

I do not find it significant that two shots were fired. It might well dispel any idea of

accident; however, in view of her admission, there is no hypothesis of an accident to eliminate.

If it were shown that any appreciable time elapsed between the firing of the two shots, the element of sudden heat could be logically eliminated and malice, as the only alternative, inferred. However, there was no evidence from which such time interval could be inferred.

Under the present code, the defendant could be found guilty of murder, Ind.Code § 35–42–1–1 (Burns 1979), as the crime no longer embodies the element of malice; and the burden is upon the accused to prove, in mitigation, that such killing was done upon a sudden heat. Ind.Code § 35–42–1–3. But the offense was committed prior to the adoption of the present code, and the State was required to prove that the homicide was committed with malice. It is true that we have written many times that malice may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. However, this can have no application when the circumstances are such as to render a conflicting inference equally as logical. To permit a finding to stand by inference from evidence that supports a conflicting inference with equal logic relieves the State from its burden of proving guilt beyond a reasonable doubt and is a denial of fundamental due process.

I concede that there was sufficient evidence presented from which to find that the defendant is guilty of first degree murder, second degree murder or voluntary manslaughter. There is no evidence, however, from which it may be determined which. Under such circumstances, the defendant is entitled to the benefit of the doubt. I would reverse the trial court and remand the cause with instructions to enter a verdict of guilty of the crime of manslaughter and to render judgment accordingly.