**Michael S. ROSE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 581S125.

Supreme Court of Indiana.

July 22, 1982.

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Michael S. Rose, was convicted by a jury of dealing in a controlled substance, a class B felony, Ind.Code § 35–48–4–2(2) (Burns 1979), and was sentenced to a period of fifteen years in the Indiana Department of Correction. This direct appeal raises the following two issues:

1. Whether the trial court erred in failing to declare a mistrial following testimony from one witness about defendant's arrest for an unrelated drug charge; and

2. Whether the denial of cross-examination of a crucial state's witness in an area concerning the witness's credibility violated defendant's Sixth Amendment right of confrontation.

A summary of the facts from the record relevant to these issues shows that defendant sold five tablets of lysergic acid diethylamide (LSD) to an undercover police officer in DeKalb County, Indiana, on September 22, 1979. At the trial, the police officer was the state's only witness who directly testified about the drug transaction. Other state's witnesses testified about the chain of custody of the evidence. Defendant took the stand in his own behalf and refuted the testimony of the undercover agent. He stated that no transaction had occurred but that maybe a passenger riding in his automobile on the date of the alleged sale had communicated with the person described as the undercover police officer.

I.

Defendant first contends that the trial court should have declared a mistrial following certain testimony given by Officer Thomas Stump of the Indiana State Police. Officer Stump testified to part of the chain of custody of the substance bought by the undercover officer. He began his testimony by describing his official duties. He then told the jury that he did not "personally know" defendant but had met him twice before. The state then asked him, without objection, to "briefly describe the circumstances of the two times that you've met [defendant]." Officer Stump answered:

"The first time I believe was on December the 6th of last year, 1979. This would've been around 1:00 o'clock in the morning when we had our drug raid and picked up the defendants in the case. Uh, I was assigned the team to go up to his residence and serve the warrant at that time. The second time was earlier this year when he was arrested again on another drug charge in Steuben County."

Defendant objected at this time and asked for an admonishment which was promptly given. After the witness had answered another unrelated question, defendant moved for a mistrial but this request was denied.

It is well settled that the granting of a mistrial is within the sound discretion of the trial court and his determination will be reversed only where an abuse of that discretion can be established. *Ramos v. State*, (1982) Ind., 433 N.E.2d 757; *Abrams v. State*, (1980) Ind., 403 N.E.2d 345. If a jury is admonished by the trial court to disregard what has occurred at trial, or if other reasonable curative measures are taken, no reversible error will ordinarily be found.

*Page v. State,* (1980) Ind., 410 N.E.2d 1304; *Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798.

Defendant contends that the witness's reference to another crime was so prejudicial that the error could not be cured by an admonishment, relying upon *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312. However, considering the context in which the testimony was given, we do not find that the prejudice to defendant was so great that it could not be cured by an admonishment. We explained our holding in *White* in *Davis v. State,* (1981) Ind., 418 N.E.2d 203:

> "In *White* we felt particularly compelled to override the trial court's determination that an admonition would suffice to cure any prejudice because we found that the deliberate interjection of inadmissible evidence of other crimes amounted to misconduct by the prosecution." *Id.* at 205.

In this case, unlike the situation in *White,* there is no indication that the witness was called solely to wield an evidentiary harpoon. Officer Stump was called to the stand to testify about the chain of custody of the illegal substance. The deputy prosecutor followed the same pattern of questioning of all of the state's witnesses in making a transition from their backgrounds to their involvement in the instant case. He asked each witness whether they had previously seen the defendant and to describe briefly the circumstances of how they came in contact with him.

Here, in light of the court's immediate admonition to the jurors, and the absence of any indication of a deliberate interjection of inadmissible evidence, we do not find that defendant was placed in a position of grave peril to which he should not have been subjected. *Davis v. State, supra; White v. State, supra.*

## II.

Defendant finally contends that the denial of an opportunity for specific cross-examination of one of the state's witnesses violated his Sixth Amendment right of confrontation. The state's key witness to the drug transaction was the undercover agent, Officer Collins. Defense counsel cross-examined him about the discrepancy between his written description of defendant and defendant's actual appearance. Then, at one point during the recross examination of this witness, defense counsel asked him whether he had "had any problems" in identifying other suspects who were arrested at the same time defendant was arrested. The prosecutor objected and the court sustained the objection. At this point, defense counsel withdrew the question. It is clear that errors in the trial court proceeding must be properly presented to that court and preserved for appellate review. It is for that reason that errors which are not raised by proper objections at trial will not be considered on appeal. *Gee v. State,* (1979) Ind., 389 N.E.2d 303; *Brown v. State,* (1975) 264 Ind. 40, 338 N.E.2d 498. Since the question in the instant case was withdrawn, we find there is nothing left for our consideration on appeal.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

In this case the defendant filed a pre-trial motion in limine requesting the court to order the prosecutor, his deputy, and witnesses for the State to refrain from referring to a drug-related offense occurring in Steuben County, Indiana. The judge granted that motion.

During the trial, the State's fourth witness, Detective Sergeant Stump, a thirteen-year veteran of the Indiana State Police, under questioning by the prosecutor, testified that he had met the defendant when he was arrested on a drug charge in Steuben County. The answer was in response to a question by the trial prosecutor to describe the circumstances under which he had twice met Mr. Rose.

"Q. Do you personally know, are you personally acquainted with the Defendant in this case, Michael Rose?

A. No, sir.

Q. Have you ever meet [sic] him before?

A. Yes. I have.

Q. How many times, approximately?

A. I've met him twice that I recall.

Q. Would you just briefly describe the circumstances of the two times that you've meet [sic] Mr. Rose?

A. The first time I believe was on December the 6th of last year, 1979. This would've been around 1:00 o'clock in the morning when we had our drug raid and picked up the defendants in the case. Uh, I was assigned the team to go up to his residence and serve the warrant at that time. The second time was earlier this year when he was arrested again on another drug charge in Steuben County.

MR. RHETTS: Objection, Your Honor.

MR. CHERRY: Uh, I have no objections—

THE COURT: The objection's well taken.

MR. CHERRY: Okay. Let's just drop the second time then that you've meet [sic] the Defendant.

MR. RHETTS: I'd ask that the Jury be admonished, Your Honor.

THE COURT: The Jury's admonished to disregard that comment.

FURTHER EXAMINATION: Questions by Paul R. Cherry.

Q. Okay. Do you, are you, uh, personally acquainted with Officer Jerry Collins?

A. Yes, sir.

MR. RHETTS: Your Honor, I'm going to ask for a mistrial.

THE COURT: The objection's overruled. You may proceed."

As pointed out in the majority opinion, the trial prosecutor, in front of the jury, asked each police witness, including chemists, whether he or she knew the accused. This pattern of questioning, of which the foregoing excerpt is an example, was obviously being followed as a conscious and deliberate strategy by the prosecution. Consideration and planning by the prosecutor was behind it. It demonstrates a pattern involving the form of question and the decision to ask it of *each* witness. To devise a question is to contemplate probable responses and the further development and exploitation of desired responses. Here, Detective Stump gave the desired response when he answered: "I've met him twice that I recall." The trial prosecutor sought to further exploit this response by asking the next question: "Would you just briefly describe the circumstances of the two times that you've met Mr. Rose?" When a trained lawyer-prosecutor in a criminal trial asks a police officer who was only a courier of evidentiary material in a chain of custody, to explain such circumstances, it reflects a conscious and deliberate choice to invite and open the door to the witness to ruminate over and to describe wholly irrelevant and grossly prejudicial events such as unrelated criminal investigations, interrogations, arrests, and convictions, both adult and juvenile. In this case it was a deliberate violation of the intent and purpose of the trial court's order, a violation of the rule set down by this Court in *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312, and demands reversal of this conviction. To affirm this conviction is to condone knowing and intentional conduct which placed this defendant in a position of grave peril to which he should never have been subjected under the rules set down for the trial, and encourages its repetition.