Charles VANYO, Appellant
(Defendant below)

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 682S241.

Supreme Court of Indiana.

July 7, 1983.

Rehearing Denied Sept. 19, 1983.

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Charles Vanyo, was convicted of dealing in a controlled substance, a Class B felony, Ind.Code § 35–48–4–2

(Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a period of fifteen years. His direct appeal raises the following four issues:

1. Whether the trial court erred in denying defendant's motion for a mistrial based upon the allegedly prejudicial remarks of the prosecutor during the opening statement;

2. Whether the trial court erred in denying defendant's motions for mistrial based upon allegedly improper testimony from two witnesses;

3. Whether the trial court erred in denying defendant's motion for mistrial based upon the allegedly improper remarks of the prosecutor during his final argument; and

4. Whether the trial court abused its discretion in imposing an excessive term of imprisonment and relying upon improper factors as aggravating circumstances.

### I.

At the beginning of the trial, the prosecuting attorney gave an opening statement in which he outlined the evidence that would be used at trial. He stated that an undercover agent, Sandra Rose, had been given a one hundred dollar bill by the police and used it to purchase "fifty hits" of L.S.D. from defendant. The attorney further stated that during the transaction Rose had discussed with defendant when he would be able to obtain more L.S.D. and when she could return to buy three hundred "little blacks." At that point, defendant moved for a mistrial since laboratory tests showed that the three hundred black capsules were not a controlled substance. The record shows that Rose later testified about these capsules, but the trial judge admonished the jury that the black capsules were "not a controlled substance and contained nothing in any way illegal."

It is well settled that the purpose of an opening statement is to inform the jury of the charges and the contemplated evidence. Its scope and content are within the sound discretion of the trial judge and a cause will not be reversed unless a clear abuse of discretion is shown. *Woodford v. State,* (1980) Ind., 405 N.E.2d 522; *Alderson v. State,* (1974) 262 Ind. 345, 316 N.E.2d 367. Likewise, the granting of a mistrial is within the sound discretion of the trial court and its determination will be reversed only where an abuse of that discretion can be established. *Ramos v. State,* (1982) Ind., 433 N.E.2d 757; *Abrams v. State,* (1980) Ind., 403 N.E.2d 345. If a jury is admonished by the trial court to disregard what has occurred at trial, or if other reasonable curative measures are taken, no reversible error will ordinarily be found. *Rose v. State,* (1982) Ind., 437 N.E.2d 959; *Page v. State,* (1980) Ind., 410 N.E.2d 1304.

Defendant argues that he was prejudiced by the prosecutor's remarks because they were longer than usual for an opening statement and raised the inference of his participation in other illegal activity. We find no demonstration of prejudice here as the prosecutor's comments were only about what occurred during the transaction of the instant crime. Furthermore, any possible error was cured by the court's later admonition.

### II.

During the direct examination of the state's witness, Rose, she was asked how she contacted defendant in order to make the purchase of L.S.D. She stated that she called him at the Laketon Garage and said she wanted to make a large purchase of gas and explained that she used the word "gas" because defendant "knew he was under surveillance for drugs." Defendant then moved for a mistrial and now argues that the testimony was prejudicial and led the jury to believe that he was an habitual dealer in drugs. As we pointed out in Issue I, the denial of a motion for mistrial rests within the sound discretion of the trial court, and we will reverse the court's decision only when it is shown that the defendant was placed in a position of grave peril to which he should not have been subjected. *Rose v. State, supra; Morgan v. State,* (1981) Ind., 419 N.E.2d 964; *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312. Here

the witness's testimony was clearly relevant and was necessary to explain how she had arranged the instant transaction. Evidence which is otherwise competent and relevant and which tends to prove or disprove a fact in issue is admissible even though it tends to show guilt of another crime. *Jenkins v. State,* (1975) 263 Ind. 589, 335 N.E.2d 215. We do not find that defendant was placed in a position of grave peril to which he should not have been subjected.

■ Another witness who was also present during the sale of the L.S.D. testified that he told defendant he would come back to the garage in half an hour to buy some speed. Defendant did not object to this testimony at trial and so has waived any error here. Errors which are not raised by proper objections at trial will not be considered on appeal. *Rose v. State, supra; Gee v. State,* (1979) 271 Ind. 28, 389 N.E.2d 303; *Brown v. State,* (1975) 264 Ind. 40, 338 N.E.2d 498.

### III.

Defendant next contends that the trial court wrongfully denied his motion for mistrial made during the prosecutor's closing argument. At one point the prosecutor argued that some of defendant's witnesses should be disbelieved because they might have been closely involved with defendant's drug activity. The prosecutor also responded to some of defense counsel's closing argument with the following language:

> "The only thing we are here to decide is the guilt or innocence of this defendant. Mr. Grimm says if we knew Mr. Vanyo was a dealer why didn't we send in someone to him before. You've got to understand the way drug dealers operate. They don't sell to anybody who walks in off the street, they sell to a very few selected clientele, some people that they trust, that's why he sold to Sandy Rose, and that's not to assume that the State hasn't tried before."

■■ It is well settled that the conduct of final argument as well as the course of the trial is within the sound discretion of the trial court. *Whitacre v. State,* (1980)

Ind., 412 N.E.2d 1202; *Faust v. State,* (1977) 266 Ind. 640, 366 N.E.2d 175. Here the prosecutor was responding to defense counsel's arguments and there had been ample evidence presented to support the conviction, including two eyewitnesses and a radio monitor of the transaction by police. We do not find defendant was placed in a position of grave peril which would necessitate the reversal of his case.

### IV.

Finally defendant argues that the enhancement by five years of the basic ten-year sentence was error because the trial court relied upon improper factors to enhance the sentence. The trial court cited the following aggravating circumstances as the basis for the increased sentence: the imposition of a lesser sentence would depreciate the seriousness of the offense; the defendant was over fifty years of age, held responsible jobs in the county, and was well known in his area; and to give a lesser sentence would set a bad example for younger people who might be inclined to participate in the sale of illegal drugs.

■■ It is well settled that our statute expressly does not limit the matters that the trial court may consider in determining a sentence. Ind.Code § 35–4.1–4–7(d) (35–50–1A–7 (Burns 1979 Repl.); *McManus v. State,* (1982) Ind., 433 N.E.2d 775; *Coleman v. State,* (1980) Ind.App., 409 N.E.2d 647. In light of the nature of the offense and the character of defendant, the sentence here cannot be deemed manifestly unreasonable. It is within the trial court's authority to determine the weight to be given in each case to aggravating and mitigating circumstances and accordingly to increase or decrease the sentence as provided by the statute. *Dorton v. State,* (1981) Ind., 419 N.E.2d 1289; *Dean v. State,* (1980) Ind., 398 N.E.2d 1270. We find no error in the sentence imposed.

For all of the foregoing reasons there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs and dissents with opinion in which PRENTICE, J., concurs.

PRENTICE, J., concurs and dissents.

DeBRULER, Justice, concurring and dissenting.

Rule 2(1) of the Appellate Review of Sentences provides:

"The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender."

Appellant was convicted of selling L.S.D. to an adult for profit. At the sentencing hearing, the court enhanced the basic ten year sentence by an additional five years. The court stated his reasons for enhancement at two different places as follows:

"The Defendant is hereby sentenced to the Indiana Department of Corrections for a period of ten (10) years, plus an additional five (5) years for aggravating circumstances, same being that the imposition of a lesser sentence would depreciate the seriousness of the offense, the Defendant being a man well known in his area, being over 50 years of age and having held responsible jobs in the county."

"That the defendant has held responsible positions and that he is over 50 years of age and that a shorter sentence would tend to influence younger people and depreciate the seriousness of this offense and like offenses."

Here, appellant sold drugs to an adult, and had no criminal record. He was fifty-two years of age. I understand the sentencing court to be saying that the basic ten year sentence for selling drugs by a well known middle-aged adult would be viewed by younger people in the community as so short a sentence as to constitute a form of encouragement to misbehave in like manner. The enhancement on the basis stated is manifestly unreasonable. It penalizes the defendant for years of decent law abiding conduct and upon a speculation that the basic sentence chosen by the Legislature would excite criminal behavior in an amorphous segment of society.

I would affirm the conviction and remand for imposition of the standard sentence of ten years.

PRENTICE, J., concurs.