**Michael S. ROSE, Petitioner,**

v.

**Jack DUCKWORTH, Superintendent, and Linley E. Pearson, Indiana Attorney General, Respondents.**

**No. S 82–575.**

United States District Court, N.D. Indiana, South Bend Division.

Feb. 7, 1984.

Howard S. Grimm, Jr., Fort Wayne, Ind., for petitioner.

Linley E. Pearson, Atty. Gen. of Ind., William Patrick Glynn III, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate at the Indiana State Prison in Michigan City, Indiana. Jurisdiction of this court over the claims presented herein is predicated on a federal question under 28 U.S.C. §§ 1331, 2241. In accord with the

---

dictates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court.

Petitioner was convicted in a state court jury trial of dealing in a controlled substance, for which he received a determinate sentence of fifteen years' imprisonment. Petitioner's conviction was affirmed on direct appeal to the Supreme Court of Indiana. *Rose v. State*, 437 N.E.2d 959 (Ind. 1982).

Petitioner, who is represented by counsel, filed this application for federal habeas review on December 27, 1982. On January 28, 1983, respondents filed a Motion to Dismiss and Return to Show Cause. In said motion, respondents argued that, because the petition contained both exhausted and unexhausted claims, it must be dismissed under 28 U.S.C. § 2254(b) and *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

On January 31, 1983, this court ordered the petitioner to respond to the motion to dismiss or risk the possibility of a summary disposition of his habeas petition. Thereafter, on February 18, 1983, petitioner by counsel filed a Motion To Amend and Dismiss. Said motion was granted the same day, thereby curing the defective petition by voluntarily dismissing the unexhausted claims.

On September 19, 1983, respondents filed an Amended Return To Show Cause. To date, neither petitioner nor his counsel has filed anything in opposition thereto.[1] Accordingly, both sides having briefed their respective positions, this matter is ripe for ruling.

There is but a single issue raised in petitioner's application for federal habeas relief:[2] Whether the trial court improperly denied a motion for mistrial because of alleged prosecutorial misconduct.

The general standard for prosecutorial conduct at trial is that of "hard blows but not foul blows" first enunciated by Justice Sutherland:

> The [prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculat-

---

1. Although it is normal practice to file a traverse to the return, such is not required. *See* Advisory Committee Note to Rule 5, Rules Governing Section 2254 Cases in the United States District Court; and *Stewart v. Overholser*, 186 F.2d 339, 342 n. 5 (D.C.Cir.1950).

2. Respondents identify two issues: (1) whether the petitioner's motion for mistrial should have been granted for alleged prosecutorial misconduct, viz., going beyond the proscribed areas of an order in limine; and, (2) whether petitioner's defense counsel was denied the right to effective cross-examination. Although the second purported issue *was* raised at the state trial court level in petitioner's Motion to Correct Errors, *see* Count IV of the petition for writ of habeas corpus, this issue is *not* raised herein. Instead, petitioner argues only that his Fourteenth Amendment right to due process of law was denied by the trial court's refusal to grant a mistrial after the prosecutor stepped beyond an

area of questioning proscribed by a court order granting a motion in limine. *See* Count V.A. of the petition, pp. 2–3. However, petitioner does seem to be complaining at Count III of his petition that he is being held in a state prison solely on the strength of a commitment order issued by the DeKalb Superior Court on October 7, 1980.

An examination of that commitment order shows nothing improper. It sets forth a sentence of fifteen years, to be served at a medium or maximum security facility; it is issued by the court before which petitioner was tried, convicted, and sentenced; and, it is signed by the judge who presided over petitioner's trial. Since petitioner does not state *why* (if at all) this commitment order is improper, and has unfortunately not provided this court with a memorandum of points and authorities in support thereof, this court must conclude that no genuine issue of impropriety of a constitutional nature is alleged.

ed to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935) (footnote omitted).

More specificially,

It is misconduct for a prosecutor to make an assertion to the jury of a fact, either by way of argument or by an assumption in a question, unless there is evidence of that fact. He may not import his own testimony into the trial by improper suggestions, insinuations, or assertions of personal knowledge. The prosecutor also should not misstate the law in closing argument.

3 Wright, *Federal Practice and Procedure* § 555 at 273 (1982) (footnotes omitted).

The standard by which alleged prosecutorial misconduct is judged in this circuit has been most recently set forth in *United States v. Zylstra,* 713 F.2d 1332 (7th Cir. 1983) and *United States ex rel Garcia v. Lane,* 698 F.2d 900 (7th Cir.1983),[3] wherein the court held that

"[t]he question to be decided is whether the * * * statements were so inflammatory and prejudicial to the defendant petitioner as to deprive him of a fair trial and thus deprive him of his liberty without due process of law as proscribed by the Fourteenth Amendment."

713 F.2d at 1339; 698 F.2d at 902, each quoting from *United States ex rel Clark v. Fike,* 538 F.2d 750, 760 (7th Cir.1976), *cert. denied,* 429 U.S. 1064, 97 S.Ct. 791, 50 L.Ed.2d 781 (1977) (in turn quoting from *Kirk v. Petrelli,* 331 F.Supp. 792, 795–96 (N.D.Ill.1971). "It is thus necessary to examine the allegedly prejudicial remarks of the prosecutor in the context of the trial as a whole." 713 F.2d at 1340, quoting from *United States ex rel Garcia v. Lane,* 698 F.2d at 902.[4]

An examination of the record compiled herein reveals that the court granted defendant-petitioner's motion in limine to prevent the prosecutor from waving the red flag of petitioner's criminal record before the jury. As set out in the Supreme Court of Indiana's opinion, the following took place:

Defendant first contends that the trial court should have declared a mistrial following certain testimony given by Officer Thomas Stump of the Indiana State Police. Officer Stump testified to part of the chain of custody of the substance bought by the undercover officer. He began his testimony by describing his official duties. He then told the jury that he did not "personally know" defendant but had met him twice before. The state then asked him, without objection, to "briefly describe the circumstances of the two times that you've met [defendant]." Officer Stump answered:

"The first time I believe was on December the 6th of last year, 1979. This would've been around 1:00 o'clock in the morning when we had our drug raid and picked up the defendants in the case. Uh, I was assigned the team to go up to his residence and serve the warrant at that time. The second time was earlier this year when he was arrested again on another drug charge in Steuben County."

Defendant objected at this time and asked for an admonishment which was promptly given. After the witness had answered another unrelated question, defendant moved for a mistrial but this request was denied.

*Rose v. State,* 437 N.E.2d at 1360.

Even under a most liberal construction of the above in favor of the petitioner, it is clear that no action "so inflammatory and prejudicial to the defendant petitioner as to deprive him of a fair trial" took place. Thus, this court must conclude with the

---

**3.** Although these cases specifically involved prosecutors' comments during closing arguments, the standard for prosecutorial misconduct under the facts of this case would be the same.

**4.** See also *United States v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).

**1390**

Supreme Court of Indiana that the prosecutor's conduct was, at worst, harmless error.

In light of this court's conclusion that the prosecutorial conduct complained of was no more than harmless error, it necessarily follows that the state trial court's denial of the motion for mistrial, based as it was on the alleged prosecutorial misconduct, cannot be deemed erroneous or violative of any of the petitioner's constitutionally protected interests.

Accordingly, the writ is DENIED, petition DISMISSED. SO ORDERED.