**James CRAIG, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 1183S396.**

Supreme Court of Indiana.

Aug. 16, 1985.

Joseph Costanza, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was found guilty of four counts of burglary, all class C felonies, see Ind.Code § 35–43–2–1 (Burns 1984 Cum.Supp.). The jury subsequently determined that Defendant was an habitual offender, see Ind.Code § 35–50–2–8 (Burns 1984 Cum.Supp.). He was sentenced to concurrent six (6) year terms for each of the four convictions, and the trial court enhanced the sentence on count IV by thirty (30) years pursuant to the habitual offender determination, for a total sentence of thirty-six (36) years imprisonment. This direct appeal raises two issues, both concerned with the habitual offender determination:

1. Whether two exhibits concerning a predicate conviction were properly certified so as to be admissible in evidence.

2. Whether the enhanced sentence constitutes cruel and unusual punishment for this Defendant.

We find no error and affirm the habitual offender determination and sentence. The facts necessary to resolution of the issues presented are set out in discussion below.

### ISSUE I

Defendant contends that the habitual offender determination must be set aside because the certification of the keeper of the records was not endorsed upon every page of two pertinent conviction records admitted into evidence. He thus claims that the records of the predicate conviction were not admissible as evidence, and that, therefore, the habitual offender determination is not sustained by the record. We do not agree.

Trial Rule 44(A)(1) provides one method for validating records of prior convictions for use in habitual offender proceedings. *See, Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 630. The rule provides that an official record may be evidenced by a copy attested by the officer having legal custody of the record, in this case the Wyoming trial court clerk. State's Exhibit 30, a copy of the information for the Wyoming burglary charge, is a two-sided copy. One side includes a certification statement by the trial court clerk, the other side includes a stamped notation "Certified Copy."

State's Exhibit 31, a copy of the judgment and sentence on the Wyoming burglary charge, is a two-page document, one page stamped "Certified Copy," the other page including a formal certification by the trial court clerk. Each of these exhibits clearly refer to the same Wyoming burglary charge.

In *Badelle v. State* (1982), Ind., 434 N.E.2d 872, 877, this Court upheld an habitual offender determination against a similar claim. We stated that a certification on one page of an exhibit provided adequate certification for the other pages of the exhibit. Likewise, in this case the certifications on one "page" of each of the two challenged exhibits provided adequate certification for the entire exhibit under Trial Rule 44(A)(1).

### ISSUE II

Defendant contends that the sentence of thirty-six (36) years imprisonment, as enhanced by the habitual offender determination, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and Art. I, § 16 of the Indiana Constitution. He essentially claims that imposition of the habitual offender penalty as to him violates these provisions, rather than claiming the habitual offender statute is invalid *per se.* He argues that his criminal history has been caused by alcohol addiction, and that to imprison him for thirty-six (36) years for alcoholism constitutes cruel and unusual punishment.

We first note that the record reveals that Defendant has been involved in at least six (6) burglaries as an adult and two (2) burglaries as a juvenile. Second, this Court repeatedly has held that enhanced sentences for repeat offenders under our habitual offender statute do not constitute cruel and unusual punishment. *See, e.g., Garland v. State* (1983), Ind., 444 N.E.2d 1180, 1184; *Traylor v. State* (1981), Ind., 420 N.E.2d 887, 890; *Whitacre v. State* (1980), 274 Ind. 554, 560, 412 N.E.2d 1202, 1206–07; *Ferguson v. State* (1980), 273 Ind. 468, 479, 405 N.E.2d 902, 909;

*Comstock v. State* (1980), 273 Ind. 259, 261–63, 406 N.E.2d 1164, 1166–67; *Wise v. State* (1980), 272 Ind. 498, 502–03, 400 N.E.2d 114, 117–18. *See generally, Rummel v. Estelle* (1980), 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382; Comment, Rummel v. Estelle: *Leaving the Cruel and Unusual Punishments Clause in Constitutional Limbo*, 15 Val.U.L.Rev. 201 (1980). So long as minimum Constitutional requirements are met, the determination of length of sentence is a matter of legislative policy. *Whitacre*, 274 Ind. at 560, 412 N.E.2d at 1207. Defendant is not subject to the habitual offender penalty because of his problems with alcohol, but rather because prior treatment and incarceration have failed to deter him from committing further burglaries. Defendant's sentence does not constitute cruel and unusual punishment.

We note parenthetically that in light of Defendant's prior record, and the fact that two police officers were injured in apprehending him for the offenses which led to this case, we also could not say that the sentence is manifestly unreasonable considering the nature of the offenses and character of this Defendant under Rule 2 of the Ind.R.App.Rev.Sent.

We find no reversible error. The determination that Defendant is an habitual offender and sentence imposed thereon are affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.