**Roger W. POWERS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 23S00–8803–CR–339.

Supreme Court of Indiana.

June 21, 1989.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Roger W. Powers waived jury trial and in a trial to the court was found guilty of Escape for which he received a term of two (2) years, and was further found to be an habitual offender, for which his term was enhanced by thirty (30) years, for a total sentence of thirty-two (32) years.

Powers presents three issues for our review in this direct appeal:

1. insufficient evidence to support the conviction of escape;

2. imposition of the habitual offender sentence constituted cruel and unusual punishment; and

3. the habitual offender charge was filed as a result of prosecutorial vindictiveness and that the allegation and sentence constituted double jeopardy.

Roger Powers was incarcerated in the Fountain County, Indiana, jail on July 6, 1985. Powers was awaiting a sentencing hearing in the Fountain Circuit Court subsequent to his conviction for burglary in another cause identified as No. 85–S–39.

Powers and several other inmates, including Donald Vessels, were let into the exercise yard on the jail grounds in the early afternoon. Vessels and another inmate boosted Powers up along the fencing which encircled the yard. Powers was able to get through the ten foot high fence and depart from the area. Powers was subsequently apprehended and tried on these charges November 5, 1987.

I

■ Powers claims the evidence did not establish that he acted with the requisite intent for commission of the crime of escape and further believes the prosecutor failed to present sufficient evidence that he was in lawful detention at the time he left the jail grounds. There is no merit to Powers' claims on this issue. There was testimony from members of the Sheriff's Department that Powers was detained subsequent to his conviction of burglary while he awaited a sentencing hearing. Additionally, the prosecutor requested without objection that the court judicially notice its own docket with respect to the burglary charge of which Powers had been convicted in the Fountain Circuit Court and was awaiting sentencing. The fact that Powers went over the wall in the manner described above and left the area was sufficient evidence for the trial court to find or infer that Powers had intentionally fled from detention. *Grimes v. State* (1983), Ind., 454 N.E.2d 388, 392; *Gulley v. State* (1973), 156 Ind.App. 15, 16, 294 N.E.2d 630, 631.

II

■ Powers claims the imposition of the habitual offender sentence enhancing his term of incarceration by thirty (30) years constitutes cruel and unusual punishment and is manifestly unreasonable. Powers does not claim the habitual offender scheme of enhancement of sentence is unconstitutional *per se*, nor does he claim it was improperly done or failed in proof concerning his past criminal record. He claims the imposition of a thirty (30) year enhancement on his two (2) year term for escape, a Class D felony, constitutes cruel and unusual punishment and is manifestly unreasonable under the circumstances. In a similar claim in *Craig v. State* (1985), Ind., 481 N.E.2d 390, this Court noted the well established principle that enhanced sentences for repeat offenders under our habitual offender statute do not constitute cruel and unusual punishment.

So long as minimum Constitutional requirements are met, the determination of length of sentence is a matter of legislative policy. *Whitacre* [*v. State* (1980) ], 274 Ind. [554] at 560, 412 N.E.2d [1202] at 1207.

*Craig*, 481 N.E.2d at 392. Powers submits that the Legislature had recently modified the habitual offender statute, Ind.Code § 35–50–2–8, giving a trial court discretion in the enhanced term where the underlying conviction is a Class D felony. Powers

concedes this modified statute did not apply to his sentencing. *See Wilson v. State* (1987), Ind., 513 N.E.2d 653, 657. The court was bound to sentence Powers to an enhanced term of thirty-two (32) years and had no discretion to reduce the habitual offender enhancement. The imposition of a thirty (30) year enhanced term to the underlying sentence was mandatory pursuant to IC 35–50–2–8(e); and Rule 2 of our Rules for the Appellate Review of Sentences, granting power to the trial court and this Court to analyze the appropriateness of the sentence, does not apply. Furthermore, the record shows Powers' prior criminal record indicates he escaped from jail while burglary and theft charges pended against him. He was ultimately convicted of these offenses and incarcerated. In 1978 Powers was convicted of a drug offense and his probation for that crime was revoked a short time later when he displayed a similar penchant for possessing drugs. Powers was convicted of the burglary of a business premises in 1985. Before he was to be sentenced he again escaped from jail. There was ample evidence that Powers' behavior could be characterized as an unbroken pattern of criminal activity from 1978 until 1985. Previous attempts at rehabilitation through probation and short term incarceration failed to deter Powers from that conduct. There are no grounds upon which this Court can find the thirty-two year penalty Powers received was manifestly unreasonable.

### III

■ Finally, Powers claimed the trial court erred by not dismissing the habitual offender allegation since its filing was the result of prosecutorial vindictiveness and it subjected him to double jeopardy.

The charge of prosecutorial vindictiveness arises from the fact that the information charging Powers with escape was filed on July 8, 1985, and the habitual offender allegation was not filed until March 2, 1987. Powers gives no conclusion as to why this represented prosecutorial vindictiveness other than the length of time between the two filings. We do note the habitual offender allegation was filed several months before actual trial of the cause and Powers does not claim he had insufficient time to prepare his defense for it. The State, in response, informed the court that the habitual offender allegation was prepared and intended to be filed about the same time as the original charging information but did not get filed when Powers escaped. When Powers was again apprehended in 1987 and preparations began for his trial, the State noted the inadvertent failure to file and did file the habitual offender allegation on March 2. There is no showing of prosecutorial vindictiveness that merits reversal. *Harmer v. State* (1983), Ind., 455 N.E.2d 1139, 1142–43.

■ Powers claimed the habitual offender allegation was in violation of the double jeopardy provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States and Art. 1, Sec. 14 of the Constitution of the State of Indiana. He gives no argument nor citation to support this allegation and, in fact, concedes this Court has found otherwise. This same issue was raised and decided adversely to Powers' position in *Williams v. State* (1982), Ind., 430 N.E.2d 759, 768, *appeal dismissed* (1982), 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 47; and *Baker v. State* (1981), Ind., 425 N.E.2d 98, 102. The purpose of the statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies and the additional punishment is imposed for each new crime and not for crimes for which a defendant has already been convicted and punished. *Williams, supra; Baker, supra.* No error is presented on this issue.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.