**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jun 18 2014, 9:41 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EDWIN HUNT, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 60A01-1309-CR-406 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE OWEN CIRCUIT COURT
The Honorable Frank M. Nardi, Judge
Cause No. 60C01-1106-FB-328

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Edwin Hunt appeals his forty-year sentence imposed for his conviction for class B felony burglary and his adjudication as a habitual offender, arguing that it is inappropriate in light of the nature of the offense and his character. Concluding that Hunt has failed to carry his burden to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

On June 6, 2011, twenty-four-year-old Hunt told his twenty-one-year-old stepbrother, Carnell Gilbert, Jr., that he would take him to work. Instead, Hunt drove in a different direction. Gilbert complained that he would be late for work, and Hunt told him, "I know you are going to be late you might as well go ahead and lick [commit a burglary] with me." Tr. at 113. Gilbert said that he had to go to work, but Hunt continued to press him. Hunt said, "[C]ome on, don't be a puss, just come on and do it you are going to miss work anyways, might as well going [sic] to get a little money with me." *Id*. at 115. Gilbert eventually agreed.

Hunt drove to sixty-two-year old Lois Eaton's home. Hunt parked the car and rang the doorbell over and over again to see if anyone was there. Eaton was home, but she did not answer the door. She looked out a window and saw a man walking in front of her windows and looking in the house. Eaton was afraid. She felt that she was in danger and called 911. Hunt returned to the car and asked Gilbert to break down the door. Gilbert refused. Hunt said, "Come on bro don't puss out, don't be a pussy go ahead and kick the door opened [sic]." *Id*. at 119. Finally, Gilbert agreed. Gilbert knocked on the door and rang the bell.

2

When no one answered, he kicked open the door, which damaged the door frame. Hunt and Gilbert entered the home and heard a woman yelling. They ran back to the car and sped away.

The State charged Hunt with class B felony burglary, class D felony residential entry, and class C misdemeanor operating a motor vehicle without ever receiving a license and alleged that he was a habitual offender. While awaiting trial, Hunt told Gilbert to tell the police that the burglary was all Gilbert's idea and that Hunt did not deserve to be in prison. Hunt wrote a letter to that effect and forged Gilbert's signature. Hunt also told Gilbert not to testify against him.

A jury found Hunt guilty as charged. At the sentencing hearing, the court found that Hunt's criminal history and that he was on parole when he committed the burglary were aggravating factors and that there were no mitigating factors. The court sentenced Hunt to twenty years for his burglary conviction and twenty years for his habitual offender adjudication, for an aggregate sentence of forty years.

**Discussion and Decision**

Hunt contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We

do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Hunt has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). Hunt received a forty-year sentence, but faced a potential sentence of fifty years. *See* Ind. Code § 35-50-2-5 (class B felony advisory sentence is ten years with a sentencing range of six to twenty years); Ind. Code § 35-50-2-8(h) (habitual offender sentence is not less than advisory sentence for underlying offense and not more than three times the advisory sentence for underlying offense or thirty years). There is no evidence that Hunt and Gilbert were armed. Also, Hunt rang the doorbell and knocked on the door to determine if anyone was home. However, Eaton was home alone, and she was afraid and felt that she was in danger. Further, Hunt and Gilbert broke down her door and caused approximately $350 in damages. A side door was also damaged. The nature of the crime supports a sentence above the advisory.

As for Hunt's character, his criminal history and his conduct with regard to his stepbrother are both revealing. Hunt was twenty-four years old on June 6, 2011, when he committed the instant burglary. He had a history of juvenile adjudications with probation violations and had been committed to the Indiana Boys School. He also had three prior felonies as an adult. In 2006, he was convicted of class D felony theft. He was sentenced to

4

three years, suspended. He violated his probation twice. In 2008, he committed class D felony residential entry. He was sentenced in 2009 to three years, executed. While these two crimes are not crimes of violence, they are similar in nature to burglary and were committed close in time to each other and to the instant burglary. In fact, he was on parole for residential entry when he committed the instant burglary. At the time of sentencing, Hunt was facing two counts of burglary, two counts of theft, and one count of criminal mischief in Clinton County that were allegedly committed the same day as this burglary. As for the potential for violence, Hunt was convicted in 2010 for possession of a firearm in Oklahoma. Hunt appears to be consistently engaged in criminal activity and has not responded well to prior leniency. "The purpose of the [habitual offender] statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies." *Powers v. State*, 539 N.E.2d 950, 952 (Ind. 1989).

In addition, Hunt's treatment of his stepbrother was callous and reveals Hunt's deceitful nature. He bullied Gilbert into committing a burglary and kicking in a door. Then, he pressured Gilbert to lie on his behalf, forged Gilbert's signature on a letter absolving him of guilt, and told Gilbert not to testify. Hunt's character clearly calls for an enhanced sentence.

Hunt contends that his case is like *Hollin v. State*, 877 N.E.2d 462 (Ind. 2007), and *Frye v. State*, 837 N.E.2d 1012 (Ind. 2005). In both cases, the defendant was convicted of class B felony burglary, found to be a habitual offender, and sentenced to forty years. In *Hollin*, our supreme court found that Hollin's sentence was inappropriate because the home

5

was unoccupied, he was not armed, and his criminal history consisted primarily of nonviolent crimes against property. The supreme court reduced Hollin's sentence to twenty years. Similarly, in *Frye*, the supreme court found that Frye's sentence was inappropriate because the home was unoccupied, he was not armed, the pecuniary loss was marginal ($395), and his prior burglary conviction occurred twenty years before while his last violent offense occurred in 1999. The supreme court reduced Frye's sentence to twenty-five years.

*Hollin* and *Frye* are distinguishable given that Hunt's victim, a sixty-two-year-old woman, was alone in her home. In addition, Hunt's prior crimes were committed recently and included residential entry and possession of a firearm, and he has probation and parole violations. There is also Hunt's appalling treatment of his stepbrother and his deviousness. Hunt has failed to persuade us that his forty-year sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

BAKER, J., and BARNES, J., concur.

6