**Parnel MAISONET, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 881S214.

Supreme Court of Indiana.

May 10, 1983.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Parnel Maisonet, was convicted by a jury of theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.) and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a period of thirty-four years. His direct appeal raises the following six issues:

1. Whether certain remarks and actions of the prosecutor denied him his right to a fair trial;

2. Whether the trial court erred in denying defendant's motion for a directed verdict at the conclusion of the state's evidence;

3. Whether the trial court erred in refusing to give defendant's tendered instruction No. 1;

4. Whether the trial court erred in denying defendant's motion to dismiss the habitual offender count;

5. Whether the trial court erred in admitting into evidence certain exhibits offered by the state during the habitual offender portion of the trial; and

6. Whether the trial court erred in giving final instruction No. 4 during the habitual offender portion of the trial.

A brief summary of the facts from the record most favorable to the state shows that Gary Templeton was employed as a security guard at a Venture store on April 26, 1980. He observed two black males take two portable stereo radios off a shelf and put them in a yellow plastic bag. He identified defendant as one of the two men he had observed. Defendant was stopped a few minutes later outside of the store carrying the yellow plastic bag with the two radios in it.

I.

Timothy P. Galvin, Jr., Galvin, Galvin & Leeney, Hammond, for appellant.

Defendant first contends that the prosecutor referred to his arrest and to his fail-

ure to testify thereby violating his Fifth Amendment right to remain silent and his right to be presumed innocent until proven guilty. In defendant's motion to correct errors, he alleges that the prosecutor referred to defendant's arrest during the opening statement. However, defendant also acknowledges that the trial court promptly admonished the jury to disregard the improper comment.

■ In this case, the opening and closing statements apparently were not recorded and are not part of the record before us, so defendant has waived any error in this regard. *Richey v. State,* (1981) Ind., 426 N.E.2d 389; *Holmes v. State,* (1980) Ind., 398 N.E.2d 1279. However, we have consistently held that a trial court's admonition to disregard improper testimony is normally sufficient to protect the rights of a defendant. *Rose v. State,* (1982) Ind., 437 N.E.2d 959; *Page v. State,* (1980) Ind., 410 N.E.2d 1304; *Downs v. State,* (1977) 267 Ind. 342, 369 N.E.2d 1079, *cert. den'd* 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151 (1978).

Defendant also contends that he was prejudiced by certain testimony of Police Officer Donald Carter. Officer Carter was the policeman who responded to the report of the theft by the Venture store. He identified defendant as the individual who was being detained as a suspect by the store security guards. Later during his testimony he was asked whether defendant made a statement and he replied: "No sir, no statement was taken; however, he did discuss the crime itself."

■ Defendant now alleges that Carter's identification of him at the trial was prejudicial because Carter had not witnessed the incident. He also alleges that Carter's use of the word "crime" was prejudicial and just expressed Carter's own opinion. However, the security officer, Templeton, had previously testified without objection about defendant's identity, the statements defendant had made while he was being detained in the security office, and various circumstances of the offense. Consequently, any possible error in Carter's testimony was harmless. We have consistently held

that the erroneous admission of evidence is harmless if it is only cumulative of other undisputed and properly admitted evidence. *Jackson v. State,* (1980) Ind., 402 N.E.2d 947; *Chatman v. State,* (1975) 263 Ind. 531, 334 N.E.2d 673.

Any error alleged in the prosecutor's closing argument has been waived since the closing statements have not been preserved in the record. *Richey v. State, supra; Stephens v. State,* (1973) 260 Ind. 326, 295 N.E.2d 622.

### II.

Defendant next contends that the trial court erred in denying his motion for directed verdict at the close of the state's case-in-chief. He argues that the state failed to prove the necessary element of unauthorized control over property of another person since he dropped the two radios in the parking lot and then picked them up and carried them back into the store.

■■ It is well settled that a motion for a directed verdict should be granted only where there is a total lack of evidence on some essential element and where the state has failed to present a prima facie case. *Dilworth v. State,* (1981) Ind., 425 N.E.2d 149; *Norton v. State,* (1980) Ind., 408 N.E.2d 514. Here, the evidence showed that defendant placed the two radios belonging to the Venture store inside of a yellow plastic bag which he had earlier taken from inside his coat. He was later stopped outside of the store with the radios in his possession. There was evidence that no one had given him permission to take the radios. This evidence was sufficient to allow the jury to reasonably infer that defendant was exerting unauthorized control over the radios and intended to deprive the store of the value and use of the radios. The evidence was sufficient to sustain defendant's conviction and thus the motion for a directed verdict was properly denied. *Dilworth v. State, supra.*

### III.

■ Defendant next alleges that the trial court erred in refusing to give his

tendered instruction No. 1 which defined the offense of conversion. While it is true that conversion is a lesser included offense of theft, it is also well settled that the test for determining whether it was error for the trial court to refuse instructions on a lesser included offense is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also whether there was evidence adduced at trial to which the included offense instruction was applicable. *Rogers v. State,* (1979) Ind., 396 N.E.2d 348; *Rowley v. State,* (1979) Ind., 394 N.E.2d 928; *Harris v. State,* (1977) 266 Ind. 661, 366 N.E.2d 186.

■ In this case, defendant contends that the element of "intent to deprive the other person of any part of the value or use of the article" which distinguishes the offense of theft from the lesser included offense of conversion was not established by the evidence. He alleges that the fact that he dropped the radios when he was confronted by the security officer outside the store shows that he had no intent to deprive the store of their value or use. We find no merit to this contention as the uncontradicted evidence showed that defendant put the radios in a yellow plastic bag which he had concealed beneath his coat and carried them out of the store. This was substantial uncontested evidence of defendant's intentional actions. Therefore, there was no error in the refusal to give the tendered instruction on conversion. *Pitman v. State,* (1982) Ind., 436 N.E.2d 74; *Rogers v. State, supra.*

Defendant also points out that if the jury had been instructed on the offense of conversion, which is a Class A misdemeanor, and had returned a verdict for that offense, he would not have had a felony conviction upon which the state could base the habitual offender count. He argues that there was an unreasonable result in this case because he received a sentence of thirty-four years for the allegedly minor theft of two radios with a value of only $228. We find no merit to this argument since we have clearly recognized that the purpose of the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies and it is the number of felonies committed and not the value of property taken which is the essential element in the habitual offender determination. The recidivist statute has been consistently upheld against cruel and unusual punishment arguments. *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202; *Comstock v. State,* (1980) Ind., 406 N.E.2d 1164; *Norris v. State,* (1979) Ind., 394 N.E.2d 144. There was sufficient evidence to support the jury's verdict on the charge of theft and we find no error here.

### IV.

■ Defendant next contends that the trial court erred in denying his motion to dismiss the habitual offender count due to the fact that both of the underlying felonies relied upon by the state were being appealed. We have clearly decided this issue adversely to defendant's position. The only times a prior conviction may not be used in an habitual offender proceeding is if it has been set aside or if it is one for which the person has been pardoned. The statute makes no other exceptions. *Darnell v. State,* (1982) Ind., 435 N.E.2d 250; Ind.Code § 35–50–2–8, *supra.*

### V.

■ Defendant next alleges that the trial court erred in admitting into evidence certain exhibits during the habitual offender proceeding. He alleges that three of the exhibits contained unnecessary information which prejudiced the jury. One of these exhibits was the charging information and guilty plea to a charge of assault and battery with intent to kill. Another exhibit contained admission documents from the Indiana Department of Correction for the above-mentioned offense, and a third exhibit was the guilty plea to a second offense of entering with intent to commit a felony. In both the guilty plea documents, a brief summary of the circumstances surrounding the crimes was included.

These documents were all sufficiently connected to defendant to establish their relevancy, and there is no claim that any of

these exhibits was not properly authenticated. Although it is true that the statute requires only that the state prove that defendant has two prior unrelated felony convictions, relevant information connected with those convictions is not generally considered to be prejudicial to defendant. *Graham v. State,* (1982) Ind., 441 N.E.2d 1348; *Taylor v. State,* (1981) Ind., 420 N.E.2d 1231.

Defendant also alleges that the trial court erroneously admitted the state's exhibit No. 5 which was a fingerprint card showing his fingerprints and signature. He contends that his signature was coerced and his attorney was not present and that therefore his rights against self-incrimination and counsel were violated. We find no error here since the taking of fingerprints and handwriting exemplars are simple jailhouse procedures which do not violate the privilege against self-incrimination and for which legal counsel is not required. *Allen v. State,* (1981) Ind., 428 N.E.2d 1237; *Frances v. State,* (1974) 262 Ind. 353, 316 N.E.2d 364.

Defendant further alleges that the set of Department of Correction documents, state's Exhibit No. 3 which contained the fingerprint card, was improperly admitted because there had not been a proper foundation laid and there was no assurance that a false set of fingerprint impressions had not been substituted. We find no merit to this contention as the record shows that these documents were all certified and sealed as authentic copies by Robert Hardin, assistant director and official keeper of the records for the Indiana Reception-Diagnostic Center. This was a sufficient foundation. *Graham v. State, supra; Barnett v. State,* (1981) Ind., 429 N.E.2d 625; *Collins v. State,* (1981) Ind., 415 N.E.2d 46.

### VI.

Defendant finally contends that the trial court erred in giving its final instruction No. 4 during the habitual offender phase of the trial. The instruction read as follows:

"If the State failed to prove beyond a reasonable doubt the defendant was convicted and sentenced on two (2) prior unrelated felonies, you should find the defendant not to be a habitual offender.

"If the State has proved beyond a reasonable doubt that the defendant was convicted and sentenced on two (2) prior unrelated felonies, but you further find that one (1) of such felony convictions has been set aside or the defendant has been pardoned upon one (1) of such felony convictions, you should find the defendant not to be a habitual offender.

"If the State has proved beyond a reasonable doubt the defendant was convicted and sentenced on two (2) prior unrelated felonies, you should find the defendant to be a habitual offender."

Defendant objected to this instruction as being mandatory. He did not tender his own instruction because he said "I believe the Court should be silent on that issue or at least it should not be mandatory in nature."

We find no error here as this instruction is one of the Indiana Pattern Jury instructions and is phrased in alternatives which do not bind the jury to one course of action. *Inman v. State,* (1979) Ind., 393 N.E.2d 767; *Loftis v. State,* (1971) 256 Ind. 417, 269 N.E.2d 746.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.