## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 03 2015, 11:03 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Lavell Curry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 3, 2015<br><br>Court of Appeals Case No.<br>20A03-1405-CR-172<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Stephen R. Bowers, Judge<br><br>Cause No. 20D02-0907-FC-96 |

**Brown, Judge.**

[1]    Kevin Lavell Curry appeals the habitual criminal offender enhancement to his sentence. He raises four issues which we revise and restate as:

    I.    Whether the trial court abused its discretion when it admitted certain evidence of Curry's prior convictions for purposes of the habitual offender enhancement;

    II.    Whether the State presented sufficient evidence that Curry is an habitual offender; and

    III.    Whether the trial court committed fundamental error when it allowed the State to add the habitual offender enhancement after the omnibus date.

[2]    We affirm.

## Facts and Procedural History

[3]    On July 1, 2009, the State charged Curry with one count of corrupt business influence as a class C felony and fifteen counts of forgery as class C felonies. *Curry v. State* (*Curry I*), No. 20A03-1008-CR-454, slip op. at 4 (Ind. Ct. App. May 31, 2011), *trans. denied*. The omnibus date was September 21, 2009. *Id*. On January 27, 2010, the State filed an amended information, alleging that Curry was an habitual offender. *Id.* at 4-5. Specifically, the State alleged that Curry had prior felony convictions for forgery in 2007 in Indiana and for aggravated kidnapping in 1990 in Texas. On June 24, 2010, a jury found Curry guilty as charged and found him to be an habitual offender. *Id*. at 5, 9-11.

[4]    In his direct appeal, Curry raised several issues including: (1) the denial of his motion for a directed verdict; (2) the sufficiency of the evidence; (3) the belated amendment of the charging information to include an habitual offender enhancement; and (4) the appropriateness of his sentence. *Id*. at 5, 9-12. We

remanded for clarification of his sentence but affirmed in all other respects. *Id.* at 2, 15-16. With respect to the amendment of the charging information, we held that Curry "failed to establish that the amendment prejudiced him in the preparation and presentation of his defense." *Id.* at 12.

[5] In April 2012, Curry filed a petition for post-conviction relief and raised three issues: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) prosecutorial misconduct. On December 19, 2013, the post-conviction court denied Curry's petition except with respect to his ineffective assistance of appellate counsel argument regarding his habitual offender enhancement and ordered a new trial regarding the habitual offender enhancement.

[6] Curry appealed the post-conviction court's order with regard to whether his trial counsel was ineffective. *Curry v. State* (*Curry II*), No. 20A03-1312-PC-513, slip op. at 2 (Ind. Ct. App. August 11, 2014), *reh'g denied*, *trans. denied*. We affirmed the denial of his petition for post-conviction relief and noted that Curry was not prejudiced by the belated filing of the habitual offender allegation, which prevented him from succeeding on his claim of ineffective assistance of trial counsel for failure to challenge the belated amendment. *Id.* at 10.

[7] On March 21, 2014, Curry filed a motion to exclude evidence, in which he argued that a certified booking photograph the State sought to use to prove the September 13, 1990 conviction for aggravated kidnapping in Texas was actually a booking photograph from a November 19, 2001 arrest. Curry argued that this

evidence was inadmissible because it had been provided to him after the discovery deadline had passed and that it would unfairly prejudice his ability to present a defense, that it was not relevant under Ind. Evidence Rule 401, and that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice because the photograph did not pertain to the alleged conviction the State was required to prove. The court entered an order, and as to the certified booking photograph, stated that it would "exclude any reference to anything other than the certified copy and the Court will not allow the certified copy to come in unless some other independent means of connecting the identifiers in the booking photo to the Kevin L. Curry on trial is made." Appellant's Appendix at 496.

[8] On March 25, 2014, Curry's trial on the habitual offender enhancement began. At the trial, the court heard testimony from former Elkhart County Deputy Prosecuting Attorney Kristine Osterday ("DPA Osterday"), who was involved in the initial prosecution of Curry on the corrupt business influence charge underlying the retrial on the habitual offender enhancement.

[9] The court heard argument as to State's Exhibit 1, a certified copy of the 2007 Indiana conviction from Curry's guilty plea to counterfeiting as a Class D felony in the Elkhart Superior Court in cause number 22D02-0606-FC-221, which included an entry in the chronological case summary ("CCS") indicating that the instant case was a probation violation under Curry's 2007 Indiana conviction. State's Exhibit 1 contained an "Affidavit to Show Probable Cause" in the 2007 Indiana conviction for "Kevin L. Curry DOB: 03-10-64," an

"Information Charging Forgery A Class C Felony, I.C. 35-43-5-2(a)(1)(A)" including a copy of a check with Curry's signature, a copy of a "Motion to Withdraw Plea of Not Guilty and Enter Pleas of Guilty, Plea Agreement, and Disclosure" including Curry's initials, "KC," next to each line of the plea agreement, an order noting that Curry "entere[ed] a plea of guilty to: COUNTERFEITING D FELONY," a sentencing order, and a twelve-page CCS for the 2007 Indiana conviction that included an entry stating that Curry had violated his probation in the 2007 Indiana conviction by committing the instant offense. State's Exhibit 1.

[10] Defense counsel objected to the admission of State's Exhibit 1, arguing that evidence of a probation violation was not relevant under Ind. Evidence Rule 401 and that "it would not withstand a balancing test under Indiana Rule[] of Evidence 403" because State's Exhibit 1 contained references to Curry's criminal history that were "unduly prejudicial and not probative, could mislead the jury and cause confusion of the issues." Transcript at 16. The court overruled the objection, stating that caselaw supported the proposition that it is "not prejudicial to include evidence of a probation violation directly related to the habitual proceedings" and that the information in the exhibit was "relevant and it does not appear to the court to be counterbalanced by any significant prejudice." *Id.* at 17. Defense counsel also objected to sentencing information being included in State's Exhibit 1. The court struck the inclusion of the exact sentence length from the 2007 Indiana conviction. The court removed eleven pages of the CCS from the 2007 Indiana conviction but allowed the CCS entry

showing the probation violation to remain in the exhibit, and published the exhibit to the jury as State's Exhibit 1A.

[11] The court heard argument as to State's Exhibit 3,[1] which contained a certified copy of a plea agreement from an August 29, 1990 offense in Texas for aggravated kidnapping, stamped "FELONY INFORMATION" at the top of the page, and dated September 13, 1990, the date of conviction for the offense, and included the length of Curry's sentence for that offense, which was seven years of probation, the conditions of probation for "Kevin Lavell Curry," and a reference that Curry violated his probation and was sentenced to five years in the Texas Department of Criminal Justice, institutional division, on July 14, 1993, as a result of the probation violation. State's Exhibit 3. The exhibit also contained prints of Curry's right thumb and right index finger, a signature for Kevin Curry, as well as his date of birth of 3-10-64, race, and sex. The portion of State's Exhibit 3 containing Curry's guilty plea agreement and conditions of probation was stamped with a Recorder's Memorandum, which states: "At the time of recordation this instrument was found to be inadequate for the best photographic recordation because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions, and changes were present at the time the instrument was filed and recorded."[2] State's Exhibit 3. On the portion

---

[1] Curry does not challenge the admission of State's Exhibit 2, which is a certified booking photograph from the instant case.

[2] The Recorder's Memorandum, stamped on the second page of Curry's plea agreement for aggravated kidnapping, contains substantially similar language.

of the exhibit dealing with the July 14, 1993 probation violation, the Recorder's Memorandum states: "This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming." *Id.*

[12] Defense counsel objected to the admission of State's Exhibit 3 on grounds that the exhibit was "not relevant . . . prejudicial, [and] would not withstand [an] Indiana Rules of Evidence 403 balancing test . . . ." Transcript at 17. Defense counsel also objected to the inclusion of the sentencing information in the exhibit. Defense counsel additionally objected that State's Exhibit 3 was of "poor quality" and that a recorder's stamp on various pages of the document indicated that the documents were "not as they were originally created" and that the exhibit "draw[s] into questions of authenticity about a witness." *Id.* at 51-52.

[13] The court overruled the objection to including the reference to a probation violation but, although it redacted a specific reference to "the South Carolina charges which were quite serious in nature and which could be quite highly prejudicial" to Curry, it did not redact the general reference to the probation violation from State's Exhibit 3. *Id.* at 18. It also allowed the inclusion of the sentencing information because the charge in the Texas case was "already fully resolved." *Id.* at 20. The court also added that the exhibit did not appear to contain "any obvious alteration of the document and given the certification which is also provided . . . the quality problems go to the [exhibit's] weight rather than admissibility." *Id.* at 53. The court redacted the specific reference

to the reason Curry's probation was revoked in the Texas case and published the exhibit as State's Exhibit 3A to the jury.

[14] The court next heard argument as to State's Exhibit 4, which contained an affidavit of the Chairman of Classification and Records for the Texas Department of Criminal Justice – Correctional Institutions Division, stating that the "attached information provided on inmate CURRY, KEVIN, TDCJ/BPP# 653544, cause# 573683, are true and correct copies of the original records now on file in my office maintained in the regular course of business within the Classification and Records Office of the Texas Department of Criminal Justice – Correctional Institutions Division." State's Exhibit 4. The exhibit also contained a certified booking photograph of Curry, a copy of the July 14, 1993 probation violation, and a fingerprint sheet with a signature of Kevin Lavell Curry. Defense counsel repeated the objections it raised as to State's Exhibit 3 and further asserted that the State's witness had no personal knowledge of the content of the documents, the State lacked a foundation for the exhibit's admissibility, and the exhibit had the same reference to a probation violation as in State's Exhibit 3. As to the objection that DPA Osterday lacked personal knowledge of the contents of State's Exhibit 4, the court noted that State's Exhibit 4 was a certified copy and that it "comes in independent" of DPA Osterday and that defense counsel "might keep in mind that you may have an objection as to whether she has personal knowledge." *Id.* at 54. The court redacted the specific reference to the reason Curry's probation was

revoked in the Texas case and published the exhibit as State's Exhibit 4A to the jury.

[15] DPA Osterday testified that she was familiar with Curry from her work as a prosecutor and was able to provide the court with his birthdate, which is March 10, 1964. She identified Curry in the courtroom and testified that, as to the 2007 Indiana conviction and the instant case, Curry was "one in the same." *Id.* at 46. On cross-examination, DPA Osterday testified that she was not licensed to practice law in Texas, did not request DNA comparisons between the Indiana defendant and the Texas defendant, did not request fingerprint comparisons, "could not recall" whether she had requested a certified booking photograph from Texas, and was not an expert regarding handwriting samples. *Id.* at 69. On redirect, DPA Osterday testified that she believed she had obtained sufficient documentation "based upon the name matching Kevin Lavell Curry, the date of birth, March 10th 1964, as well as the signature" to prove Curry's identity. *Id.* at 70.

[16] Defense counsel moved for a directed verdict, arguing that a name and date of birth is not enough to adjudicate an individual as an habitual offender. Defense counsel contended that, as to identity, the State introduced "a photograph with regard to the Texas conviction that depicts a black male with no physical characteristics identified" and "a fingerprint card without analysis," which taken together, "is insufficient as a matter of law to substantiate or support two prior unrelated felony convictions." *Id.* at 78. The court denied Curry's motion, finding "the State has at least met its minimum burden to get this case

to the jury," reasoning that "we do have a name, we have the date of birth, we have the race and gender related to the Texas conviction" as well as a signature and photographs of Curry. *Id.* at 80.

[17] On March 26, 2014, the jury found that Curry was an habitual offender. On May 12, 2014, the trial court enhanced the underlying charge of corrupt business influence by twelve years due to Curry's status as an habitual offender.

## *Discussion*

### I.

[18] The first issue is whether the trial court abused its discretion when it admitted certain evidence of Curry's prior convictions for purposes of the habitual offender enhancement. Admission of evidence is within the sound discretion of the trial court. *Davis v. State*, 907 N.E.2d 1043, 1053 (Ind. Ct. App. 2009). We will reverse a trial court's decision to admit evidence only if there is an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id.*

[19] Curry contends that admitting evidence of probation violations, which were present in State's Exhibits 1A, 3A, and 4A, were not relevant because they did not tend to show that he had been convicted of two prior unrelated felonies. He argues that evidence of probation revocations in State's Exhibits 1A and 3A was prejudicial to him because such evidence could have misled the jury, was not probative, and that there was no statement or instruction to downplay the significance or disregard the information. He also contends that including the

seven-year sentence he received in the Texas case was prejudicial because State's Exhibit 3A clearly designated that the offense was a felony. Curry asserts that State's Exhibit 3A was not a properly authenticated document and argues that the State's witness, DPA Osterday, lacked personal knowledge of the extent to which alterations may have been made to the information in State's Exhibit 3A and whether the information in the exhibit related to the Curry named in the instant case. Finally, Curry argues that DPA Osterday did not provide testimony that could link the Kevin Lavell Curry standing trial for the habitual criminal offender enhancement with the photograph or fingerprints in State's Exhibit 4A.

[20] The State asserts that the Indiana Supreme Court has allowed the admission of prior convictions that contain revocations of probation. The State also notes that the court removed eleven pages of the CCS in State's Exhibit 1A but allowed the entry noting Curry violated his probation in that case by committing the instant offense, and notes that the trial court also redacted the revocations of probation in State's Exhibits 3A and 4A, to limit any prejudice Curry might face by admitting those documents into evidence. As to the authenticity of State's Exhibit 3A, the State maintains that the documents contained in the exhibit are copies of properly certified records that are admissible as such and that no evidence was presented that the documents were anything other than accurate and certified copies of official records. The State also contends that State's Exhibit 4A, which was properly certified, contained a booking photograph and signed fingerprint card which supported the jury's

determination that Curry was the same person convicted in Texas and in Indiana.

[21] Ind. Evidence Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; the Indiana constitution; a statute not in conflict with these rules; these rules; or other rules applicable in the courts of this state. Irrelevant evidence is not admissible." Ind. Evidence Rule 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Ind. Evidence Rule 403. Ind. Evidence Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Where the document at issue is a certified copy of a public record, the document is self-authenticating and no extrinsic evidence is necessary for its admission. Ind. Evidence Rule 902.

[22] In *Maisonet v. State*, defendant Parnel Maisonet was convicted by a jury of theft, a class D felony, and of being an habitual offender. 448 N.E.2d 1052, 1053 (Ind. 1983). Maisonet argued that the trial court erred by admitting into evidence certain exhibits offered by the State during the habitual offender portion of his trial. *Id.* He alleged that three exhibits contained unnecessary

information which prejudiced the jury. *Id.* at 1055. One of the exhibits was the charging information and guilty plea to a charge of assault and battery with intent to kill, another exhibit contained admission documents from the Indiana Department of Correction for the assault and battery charge, and a third exhibit was the guilty plea to a second offense of entering with intent to commit a felony. *Id.* The Indiana Supreme court noted that the "documents were all sufficiently connected to defendant to establish their relevancy" and that "relevant information connected with [two prior unrelated felony convictions] is not generally considered to be prejudicial to defendant." *Id.* at 1055-1056. *See also Allen v. State*, 439 N.E.2d 615, 619 (Ind. 1982) (finding that documents relating to the defendant's prior Ohio convictions that referenced two separate aggravated assault charges and a probation violation were probative and relevant to the State's proof of the habitual offender charges, and noting that the inclusion of "a probation violation on a document was not prejudicial to a defendant during the habitual offender phase of his trial") (citing *Taylor v. State*, 420 N.E.2d 1231, 1234 (Ind. 1981)); *Short v. State*, 443 N.E.2d 298, 305 (Ind. 1982) (observing that "evidence of the revocation of probation imposed after conviction for a felony, that felony being one of those supporting the habitual offender allegation, is admissible").

[23]     We note that State's Exhibits 1A, 3A, and 4A were relevant because they revealed that Curry had been convicted of two prior felonies, which the State was required to show in order to establish that Curry was an habitual offender, and they identified him as the defendant in each of the two prior convictions.

As to the prejudicial effect of the reference to a probation violation in State's Exhibits 1A, 3A, and 4A, the trial court limited the reference to Curry's probation violation to a one-line entry in the CCS of the 2007 Indiana conviction before it was published to the jury as State's Exhibit 1A, and redacted the specific reason Curry violated his probation in the Texas case to a one-line entry in each exhibit before those exhibits were published to the jury as State's Exhibits 3A and 4A. As to Curry's arguments regarding the authenticity of State's Exhibit 3A and the lack of foundation for State's Exhibit 4A, we note that State's Exhibits 3A and 4A were properly certified records from Curry's 1990 felony conviction for aggravated kidnapping. We do not find that the prejudicial effect of the references to probation violations outweighed the probative value of State's Exhibits 1A, 3A, and 4A, all of which were certified, and referenced Curry's two prior unrelated felony convictions as well as provided a basis for the jury to establish Curry's identity. We cannot say that the trial court abused its discretion when it admitted State's Exhibit 1A, 3A, and 4A into evidence.

II.

[24] The next issue is whether the evidence is sufficient to sustain the court's finding that Curry is an habitual offender. Upon a challenge to an habitual offender finding this court does not reweigh the evidence but rather looks at the evidence in the light most favorable to the verdict. *White v. State,* 963 N.E.2d 511, 518 (Ind. 2012) (citing *Toney v. State,* 715 N.E.2d 367, 369 (Ind. 1999)). If an appellate court deems the evidence insufficient, then an habitual offender

classification must be vacated. *Id.* In proving an habitual offender classification, "the State must introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior convictions." *Dexter v. State*, 959 N.E.2d 235, 238 (Ind. 2012). "A person is a habitual offender if the jury . . . finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions." Ind. Code § 35-50-2-8(g) (Supp. 2009).[3]

[25] Curry argues that the State did not present sufficient evidence to link the information from the Texas documents, State's Exhibits 3A and 4A, to the individual, who was charged as a habitual criminal offender in Indiana. He further contends that the State's witness, DPA Osterday, was not involved in the Texas case, not licensed to practice law in Texas, and was unfamiliar with the Texas case and records submitted by the State of Texas to link him to that case. Finally, Curry asserts that the State failed to present evidence of identifying physical characteristics and that the record does not show that the State requested DNA, fingerprint comparisons, or handwriting analysis to link him with the individual involved in the Texas offense.

[26] The State asserts that it provided sufficient circumstantial evidence of Curry's identity through the exhibits that it presented as evidence demonstrating that

---

[3] Subsequently amended by Pub. L. No. 158-2013, § 661 (eff. July 1, 2014); Pub. L. No. 168-2014, § 118 (eff. July 1, 2014).

Curry had two prior felony convictions, and that DPA Osterday identified Curry in court as the defendant in the 2007 Indiana conviction. Further, the State maintains that booking photographs from both the Indiana case and the Texas case permitted the jury to compare Curry's appearance in the courtroom with the individual found in the photographs and that, although no expert handwriting analysis was presented, the State presented evidence, including his signature and initials from the Texas and Indiana convictions, that allowed the jury to conclude the same person signed the Texas and Indiana documents. The State contends that evidence, including his name, birth date, physical identifiers, signatures, and photographs on the exhibits provided sufficient evidence for the jury's determination that Curry is the same person identified in the Texas and Indiana documents.

[27] "If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown." *Tyson v. State*, 766 N.E.2d 715, 718 (Ind. 2002) (citing *Pointer v. State*, 499 N.E.2d 1087, 1089 (Ind. 1986)). "Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies." *Hernandez v. State*, 716 N.E.2d 948, 953 (Ind. 1999), *reh'g denied*. However, there must be other supporting evidence to identify the defendant as being the same person named in the documents. *Coker v. State*, 455 N.E.2d 319, 322 (Ind. 1983). Identity may be proven by circumstantial evidence. *Id.*

[28] As previously noted in Part I, the State admitted certified copies of Curry's two prior felony convictions, the 2007 Indiana conviction and the 1990 Texas conviction for aggravated kidnapping. As to identity, the State presented evidence that contained Curry's name, date of birth, fingerprints, and certified booking photographs, which enabled the jury to determine Curry's identity as the same person involved in the instant case, the 2007 Indiana case, and the Texas case. DPA Osterday also identified Curry in court, testified to his conviction in the 2007 Indiana case, and had requested certain records stemming from his 1990 Texas conviction in his first trial on the habitual offender charge. The photographs also provided the jury with a basis to compare the more recent photograph of Curry in State's Exhibit 2, which related to his conviction in the instant case, and notes his sex, race, hair color, eye color, height, weight, date of birth, and age with the booking photograph in State's Exhibit 4A from Kevin Lavell Curry's 1990 Texas conviction, and the jury could observe Curry as he appeared in the courtroom. Moreover, the records from the 2007 Indiana conviction and the 1990 Texas conviction include both Curry's full name, Kevin Lavell Curry, a date of birth of 3-10-64, as well as Curry's race, sex, and signature, which provided the jury with circumstantial evidence of Curry's identity. We conclude the State presented evidence of probative value from which the jury could have found Curry to be an habitual offender beyond a reasonable doubt. *See Heyen v. State*, 936 N.E.2d 294, 302-303 (Ind. Ct. App. 2010) (finding that if the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was the defendant who was convicted of the prior

felony, then a sufficient connection has been shown, and affirming the defendant's status as an habitual offender), *trans. denied*.[4]

## III.

[29] The next issue is whether the trial court committed fundamental error when it allowed the State to add the habitual offender enhancement after the omnibus date. Curry asserts that the State did not timely file the habitual criminal offender enhancement, and contends that the record does not reveal that the prosecutor argued there was good cause for filing the enhancement after the statutory deadline, which, he argues, was fundamental error.

[30] The State observes that Curry has previously unsuccessfully litigated this claim and asserts that it is barred by the law of the case doctrine. In support, the State notes that Curry first raised this claim in his direct appeal, where this court held that Curry was unable show he was prejudiced by the amendment to add the habitual offender allegation. The State further notes that Curry advanced a similar claim in his post-conviction appeal, and was again unable to show prejudice from the failure to object to the late filed amendment. Finally, the State contends that the relevant facts have not changed since the issue was

---

[4] Curry also argues that the trial court abused its discretion in denying his motion for directed verdict. Because we find that the evidence is sufficient to sustain Curry's status as an habitual offender, we do not address his argument on this issue. *See Huber v. State*, 805 N.E.2d 887, 890 (Ind. Ct. App. 2004) (explaining that "if the evidence is sufficient to support a conviction on appeal, then the trial court's denial of a Motion for a Directed Verdict cannot be in error").

resolved on direct appeal and that Curry cannot show that he was prejudiced by the late filing of the habitual offender allegation.

[31] The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Mathews v. State,* 849 N.E.2d 578, 587 (Ind. 2006). The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." *Clark v. State,* 915 N.E.2d 126, 131 (Ind. 2009), *reh'g denied.* This exception is available only in "egregious circumstances." *Brown v. State,* 799 N.E.2d 1064, 1068 (Ind. 2003).

[32] "The law of the case doctrine mandates that an appellate court's determination of a legal issue binds the trial court and ordinarily restricts the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." *Hopkins v. State,* 782 N.E.2d 988, 990 (Ind. 2003). The law of the case doctrine is "a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts." *Cutter v. State,* 725 N.E.2d 401, 405 (Ind. 2000), *reh'g denied.*

[33] Curry argued in his first direct appeal that the trial court erred when it allowed the State to amend the charging information to include the habitual criminal

offender enhancement after the period provided by statute.[5]  This court held

that "Curry failed to establish that the amendment prejudiced him in the

preparation and presentation of his defense."  *Curry I*, slip op. at 12.  He also

raised a similar claim regarding the effectiveness of his trial counsel's failure to

object to the late filing of the habitual offender enhancement in his post-

conviction appeal, and this court observed that "[g]iven the holding on direct

appeal of no prejudice from the belated amendment, Curry cannot show that he

was prejudiced by his trial counsel's failure to challenge the belated

amendment."  *Curry II*, slip. op. at 10.  The Indiana Supreme Court has

observed that "fundamental error requires a showing of at least as much

prejudice to the defendant as a claim of ineffective assistance of counsel," and

so "finding that [a d]efendant was not denied the effective assistance of counsel

also establishes that the alleged error was not so prejudicial as to constitute

fundamental error."  *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014), *reh'g

denied, cert. denied*, 135 S. Ct. 970 (2015).  In his direct appeal and in his post-

conviction appeal, Curry had not demonstrated that he was prejudiced by the

decision to allow the State to amend the charging information after the

statutory period, and even assuming the law of the case does not bar Curry

---

[5] At the time of Curry's first trial, Ind. Code § 35-34-1-5(e) provided:

> "[a]n amendment of an indictment or information to include a habitual offender charge . . .
> must be made not later than ten (10) days after the omnibus date.  However, upon a showing of
> good cause, the court may permit the filing of a habitual offender charge at any time before the
> commencement of the trial."

(Subsequently amended by Pub L. No. 24-2013, § 1 (eff. July 1, 2013); Pub. L. No. 158-2013, § 389 (eff. July
1, 2014)).

from litigating this claim, we cannot say that he has demonstrated fundamental error.

## *Conclusion*

[34] For the foregoing reasons, we affirm Curry's adjudication and sentence as an habitual offender.

[35] Affirmed.

Bailey, J., and Robb, J., concur.